Case 3:08-cv-00522- Document 1 Filed 03/26/08 Page 1 of 15 PageID 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TNA Entertainment, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-522 |
| | § | |
| Charles "Carlos" Ashenoff, pka "Konnan" | § | |
| | § | |
| Defendant | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff TNA Entertainment, LLC ("*TNA*" or "*Plaintiff*") hereby files this ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT against Charles "Carlos" Ashenoff, pka "Konnan" ("*Ashenoff*," "*Konnan*" or "*Defendant*") and in support thereof respectfully shows the Court as follows:

### PARTIES

1. Plaintiff TNA Entertainment, LLC is a Delaware limited liability company, with its principal place of business in Nashville, Tennessee. TNA is subject to the jurisdiction of this Court.

2. Defendant Charles Ashenoff is an individual resident of the State of California and may be served with process at his residence at 1894 Cabernet Drive, Chula Vista, California; telephone: 619-841-6676. Plaintiff requests that, alternatively, Defendant's attorney, Cary Ichter, accept service on his behalf. Mr. Ichter's address is as follows: Cary Ichter, Adorno &

PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT   PAGE 1
75232132.3/08013237

Yoss, LLP, 1201 West Peachtree Street, Suite 2200, Atlanta, Georgia 30309; telephone: 404/541-2956.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action, and venue is proper in this Court, pursuant to the jurisdiction and venue provisions contained in the agreements dated January 24, 2004, and August 5, 2005, as well as the Addendums to these agreements (the "*Independent Contractor Agreements*").

4. The Court also has jurisdiction over this action because the case and controversy at issue arises, at least in part, under federal law. Specifically Defendant has alleged that TNA has violated 42 U.S.C. § 1981. Thus, this Court has jurisdiction over an action arising under the laws of the United States pursuant to the United States Constitution art. 3, § 2 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, because they are so related to Plaintiffs' federal claims in this action that they form part of the same case or controversy under Article II of the United States Constitution.

## INTRODUCTION AND BACKGROUND FACTS

6. Plaintiff TNA is engaged in the business of producing, arranging, staging, conducting and promoting professional wrestling events and programs throughout the world. In conducting wrestling events, TNA contracts with wrestlers, writers, bookers and administrative personnel.

7. Defendant Ashenoff has been a professional wrestler for over two decades. He has wrestled for multiple wrestling organizations, including the World Wrestling Federation, World Championship Wrestling, Extreme Championship Wrestling, CMLL, AAA, Promo

Azteca and TNA. These professional wrestling organizations, like TNA, are engaged in the creation, management and direction of performance art for entertainment purposes, which largely rely on staged combat and wrestling scenes, along with creative and dramatic story lines.

8. As with other wrestling organizations, while he was a wrestler with TNA, Ashenoff, believed to be a Cuban-American, wrestled under the stage or "ring name" of "Konnan," and portrayed the role of an Hispanic wrestler. Despite assertions to the contrary (which are described more fully below), this was not a character which TNA created; rather, the "Konnan" character was a mix of several different wrestling characters developed by Ashenoff and others in over twenty years in the business. When Ashenoff first began providing services to TNA, TNA incorporated Ashenoff's existing character role into its dramatic story lines and scenes for its purposes of providing creative entertainment to its audience.

## THE PARTIES' INDEPENDENT CONTRACTOR AGREEMENTS

9. On or about January 2004, Defendant entered into one of the Independent Contractor Agreements at issue with TNA under which Konnan was retained to "render ... wrestling and performing services in connection with, the rehearsal, performance and broadcast of 26 or more Programs (*"Performance"*) designated to you by TNA...." These services were to rendered subject to TNA's direction.

10. In August 2005, TNA and Konnan entered into another Independent Contractor Agreement, which contains many of the same provisions as the 2004 agreement, including the provisions referenced herein.

11. Defendant voluntarily entered into the Independent Contractor Agreements knowing that the contracts required him to portray characters of Hispanic origin, including the Konnan character.

12. These Independent Contractor Agreements were very specific regarding which State's laws would apply to this relationship. Indeed, both expressly state as follows:

> 10. ...THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF TEXAS, AND ITS VALIDITY, CONSTRUCTION, AND EFFECT SHALL BE GOVERNED BY THE LAWS OF THE STATE O F TEXAS APPLICABLE TO AGREEMENTS EXECUTED AND TO BE PERFORMED WHOLLY THEREIN, AND WITHOUT REGARD TO ANY CONFLICTS OF LAWS PROVISIONS THEREOF. YOU AND TNA IRREVOCABLY SUBMIT TO THE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT SITUATED IN DALLAS COUNTY, TEXAS FOR THE RESOLUTION OF ANY DISPUTE HEREUNDER OR THE COMMENCEMENT OF ANY ACTION IN CONNECTION HEREWITH. YOU AND TNA SPECIFICALLY AND IRREVOCABLY WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION ARISING HEREUNDER.

13. In light of the nature of and risk associated with professional wrestling, both of the Independent Contractor Agreements attach Addendums with the following Waiver and Release of liability, Assumption of Risk and Indemnity Agreement:

> By signing the Agreement and this Addendum with TNA, which provides me with consideration that includes the opportunity to engage in the activity of professional wrestling, I hereby acknowledge and reflect my understanding that professional wrestling is an activity that is inherently dangerous and which involves a high degree of risk of serious bodily injury and/or death, as well as property damage.
>
> By signing this Addendum, I HEREBY WAIVE, DISCHARGE AND RELEASE ANY AND ALL CLAIMS I HAVE, MAY HAVE, OR THAT I MAY EVER HAVE IN THE FUTURE, AGAINST TNA, ITS PARENT AND AFFILIATES AND ALL OF THEIR RESPECTIVE AGENTS, OFFICERS, EMPLOYEES AND DIRECTORS ... (THE "TNA" PARTIES") THAT ARISE FROM OR RELATE IN ANY WAY TO MY PARTICIPATION IN THE ACTIVITY OF PROFESSIONAL WRESTLING OR IN ANY RELATED ACTIVITIES, WHETHER CAUSED BY THE NEGLIGENCE OF THE TNA PARTIES OR OTHERWISE.

IN THAT REGARD, I ALSO AGREE ON MY OWN BEHALF, AS WELL AS ON BEHALF OF MY PERSONAL REPRESENTATIVES, MY ASSIGNS, MY HEIRS, AND MY NEXT OF KIN THAT I WILL NOT FILE SUIT OR ASSERT ANY DEMANDS OR CLAIMS FOR LIABILITY OR DAMAGES FOR ANY AND ALL LOSSES, INJURIES OR DAMAGES OF ANY KIND ARISING OUT OF MY PARTICIPATION IN THE ACTIVITY OF PROFESSIONAL WRESTLING OR RELATED ACTIVITIES, WHETHER CAUSED BY THE NEGLIGENCE OF THE TNA PARTIES OR OTHERWISE.

I HEREBY ASSUME FULL RESPONSIBILITY FOR ANY AND ALL RISK OF PERSONAL OR BODILY INJURY, DEATH, OR PROPERTY DAMAGE, now and forever, arising out of or related to participation in the activity of professional wrestling, whether foreseen or unforeseen and whether caused by the negligence of the TNA Parties or otherwise. I HEREBY SEPARATELY AGREE TO DEFEND, INDEMNIFY and SAVE and HOLD HARMLESS the TNA Parties from any all loss, liability, damage, fees, expenses or costs that they may incur, now and forever, in connection any personal or bodily injury to me, my death, or damage to my property that arises out of or may be attributable to my participation in the activity of professional wrestling, whether caused by the negligence of the TNA Parties or otherwise.

I HEREBY acknowledge that INJURIES RECEIVED MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT ASSISTANCE OR PROCEDURES OF THE TNA PARTIES and I further agree that this Waiver and Release of Liability, Assumption of Risk and Indemnity Agreement extends to all acts of negligence by the TNA Parties, INCLUDING NEGLIGENCE IN PROVIDING ASSISTANCE and is intended to be as broad and inclusive as permitted by law....

I have read this Waiver and Release..., fully understand that I have given up substantial rights by signing it. I am aware of its legal effect and consequences, and I have signed it freely and voluntarily without any inducement, assurance, or guarantee made to me, and I intend my signature to be my complete unconditional release of all liability to the greatest extent that is allowed by law....

14. The Independent Contractor Agreements further provide guidance with respect to trademark and other intellectual property issues. Specifically, the 2005 agreement allows TNA to use both "Original Intellectual Property," including any trademarks Defendant owned prior to the agreement, and any "New Intellectual Property," including trademarks created after the 2005 agreement was signed, both during after the term of the agreement.

## DEFENDANT'S CLAIMS AND THREATENED SUIT

15. With that backdrop, in March of this year TNA received a demand letter and a draft lawsuit complaint that, despite the above provisions, threatened suit in some other jurisdiction (as opposed to Texas) in connection with what Defendant describes as "bodily injury claims," "racial discrimination claims," and trademark claims.

16. Specifically, the Defendant has alleged among other things that i) as a result of his professional wrestling career at TNA his pre-existing hip injury became a chronic problem and eventually dislocated, ii) TNA negligently hired, trained and supervised its personnel and that this negligence allegedly resulted in chronic renal failure due to his ingestion of performance enhancing drugs and/or the illegal use of prescription medications while wrestling at TNA, iii) he supposedly suffered from racial discrimination in connection with among other things having to portray the Hispanic wrestling character "Konnan" (a role he portrayed long before he was an independent contractor with TNA), and iv) TNA supposedly committed trademark infringement in connection with TNA's use of the logo "LAX." Latin American Exchange, or LAX, was a trio of Hispanic "stage characters" created by Defendant and other wrestlers.

17. In the demand letter and the attached draft complaint, Defendant complained, *inter alia*, that TNA's actions violated 42 U.S.C. § 1981 because TNA directed him to conform his performance to particular "Hispanic stereotypes." Specifically, Defendant claimed TNA

directed him to speak in a Spanish slang or Spanish accent, directed him to dress and adopt particular characteristics of a Latino street gang, directed him to use "racially charged" language towards a Caucasian wrestler, and hit another wrestler with a tequila bottle. Defendant also complained that, in connection with his providing "professional wrestling services," TNA management referred to certain people as "brownies," "Mexicans," and drunken Puerto Ricans." Defendant further baldly asserted that TNA paid "minority performers substantially less than other similarly situated non-minority performers." Finally, despite suspending Defendant before he raised any issues of racial discrimination, Defendant complained that TNA retaliated against him for making complaints of racial discrimination.

18. While Defendant suggests that he complained to TNA concerning racial discrimination, he continued to perform for TNA and accept compensation from TNA rather than pursue other opportunities which he has admitted were available to him. Defendant continued to provide services to TNA, portray his "Konnan" character, and participate in the creatively developed story lines well after Defendant suggests these events took place. As is evidenced by his continued participation and use of his own previously existing character, Defendant was simply not offended by TNA's conduct.

19. Notwithstanding Defendant's allegations, throughout Defendant's contractual relationship with TNA, Defendant and TNA collaborated and developed the use of the "Konnan" character in its story line, which included creative elements related to racially-related topics as part of its entertainment and marketing. To the extent any of the comments relating to race that Defendant allegedly heard, or participated in, were actually uttered, they were part of, and necessary to, the creative process, and facilitated TNA's successful development of its entertainment product. Like casting for any entertainment role, TNA used Defendant for the

Konnan character and its story lines because his physical appearance met its requirements for this character and its story lines. TNA did not treat Defendant less favorably because of his race, or subject him to a racially hostile environment. Instead, this was an entertainment role Defendant chose to play and helped to create.

20. All conditions precedent to bringing this suit and all claims made herein have occurred or have been waived.

## COUNT 1: BREACH OF CONTRACT

21. TNA incorporates paragraphs 1-20 as though fully set forth herein.

22. TNA entered into the Independent Contractor Agreements with Defendant.

23. TNA relied upon Defendant's representations and warranties expressly provided therein, as well as the covenants, releases and promises contained in the Addenda attached thereto.

24. Defendant, in two separate agreements, released TNA and its parents, officers and employees, from any and all liability all claims for damages, including any losses for any alleged personal or bodily injuries, he "MAY HAVE OR THAT [HE] MAY EVER HAVE IN THE FUTURE" in connection with his professional wrestling activities, even if caused by TNA's negligence.[1]

25. Defendant, in two separate agreements, also agreed to defend, indemnify, and save and hold harmless TNA and its parents, officers and employees for and from any costs and expenses (including attorneys' fees and costs) incurred by them in connection with any personal or bodily injury to Defendant, even if caused by TNA's negligence or otherwise.

---

[1] The release as well as the indemnification provisions in the Addendum to the Independent Contractor Agreements are bolded and/or stated in all capital letters. Thus, these provisions meet the express negligence and conspicuousness requirements, as spelled out by applicable case law.

26. Defendant, in two separate agreements, likewise promised and agreed not to file suit, make a demand or assert a claim against TNA or its parents, officers or employees, for any damages or losses, including personal or bodily injuries he may suffer that allegedly arise out of his professional wrestling activities, even if such alleged losses were caused by TNA's negligence.

27. Defendant has breached and anticipatorily breached the Independent Contractor Agreements by asserting personal and bodily injury claims referred to above, and by threatening to file suit against TNA.

28. Defendant further breached the 2005 Independent Contractor Agreement because he failed to show up at two or more scheduled events which ultimately led to his suspension.

29. As a direct result of Defendant's breach, TNA has been forced to incur attorneys' fees and other costs in connection with defending against the threatened claims and prosecuting the causes of action in this Complaint. TNA has suffered and seeks all actual, incidental, consequential and special damages caused by Defendant's breach of the Independent Contractor Agreements.

## COUNT TWO: ACTION FOR DECLARATORY JUDGMENT

30. TNA incorporates paragraphs 1-29 as though fully set forth herein.

31. TNA brings this declaratory judgment pursuant to both Federal Rule of Civil Procedure 57 and 28 U.S.C. Sections 2201 and 2202 because an actual dispute exists relating to the interpretation, scope and application of the Independent Contractor Agreements, and as to whether the conduct complained about by Defendant can or does amount to any violation of 42 U.S.C. § 1981.

32. As described above, the Independent Contractor Agreements have the effect of limiting Defendant's ability to bring the causes of action he contemplates. Accordingly, TNA requests a declaration by the Court that:

(a) Texas law applies to all of the controversies between the parties arising out of the Independent Contractor Agreements.

(b) Defendant was at all relevant times an independent contractor of TNA, and was never an employee of TNA.

(c) To the extent Plaintiff's employees or contractors purportedly provided Defendant with illegal performance enhancing drugs or prescription medications they did so outside the scope of their employment with Plaintiff or without Plaintiff's authorization, and therefore Plaintiff cannot be liable for such conduct.

(d) All present and future claims of Defendant for personal and bodily injury against TNA and its parents, officers, employees and agents have been released.

(e) TNA did not violate 42 U.S.C. § 1981 by creating, developing and/or directing Defendant, an actor, to participate in particular racially-related conduct, as alleged by Defendant.

(f) TNA did not violate 42 U.S.C. § 1981 by casting Defendant, an actor, in part because of his particular physical appearance to play a role that depicts particular Latin American wrestlers engaged in racially-related conduct, as alleged by Defendant.

(g) TNA did not violate 42 U.S.C. § 1981 by using certain racially-related words or conduct, as alleged by Defendant, during the creative process in developing its entertainment product which includes issues addressing race and other politically based issues.

(h) TNA did not violate 42 U.S.C. § 1981 by using certain racially-related words or conduct, or creating, developing and/or directing Defendant, an actor, to participate in particular racially-related conduct, if established as alleged by Defendant, during the creative process in developing its entertainment product which includes issues addressing race and other politically based issues, because, *inter alia*, the direction, words, conduct, if established, and physical appearance, are necessary to the creative environment and the created entertainment product.

    (i)    TNA did not violate 42 U.S.C. § 1981 by compensating Defendant differently because of his race, or retaliating against him because of complaints of racial harassment, because such allegations are false.

    (j)    TNA did not violate 42 U.S.C. § 1981 because Defendant's conduct and participation with TNA over a number of years, pursuant to the Independent Contractor Agreements and otherwise, waives and estops Defendant from claiming any subjective or objective offense to TNA's alleged conduct.

    (k)    TNA did not violate 42 U.S.C. § 1981 because its actions and speech are consistent with the First Amendment of the United States Constitution in creating and performing story lines that utilize particular characters, story lines, and themes, and the restraint of such actions by a Court, or a statute, would violate the United States Constitution.

    (l)    TNA did not violate 42. U.S.C. § 1981 because Defendant voluntarily entered into the Independent Contractor Agreements knowing that the contracts required him to portray characters of Hispanic origin, including the Konnan character.

    (m)    Plaintiff's alleged violations of the U.S.C. § 1981 are barred by applicable statute of limitations.

    (n)    TNA has had a legal right to use the LAX logo, regardless of whether the logo was created by Defendant, pursuant to the August 2005 Independent Contractor Agreement and has not violated any applicable trademark statutes or laws.

## ATTORNEYS' FEES

33.    TNA hereby requests all of its attorneys fees and costs incurred in connection with prosecuting this case and defending against Defendants claims and assertions. This relief is sought i) as damages for the breaches by Defendant of the Independent Contractor Agreements, ii) pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. Sections 2201 and 2202, and iii) pursuant to Chapter 38 of the TEX. CIV. PRAC. & REM. CODE.

## II.
## PRAYER

For the above reasons, Plaintiff respectfully requests that Defendant be served with process, and that upon final hearing of this case, the Court enter a judgment awarding Plaintiff the following relief:

(a)  all actual, incidental, consequential and special damages resulting from Defendant's breach of the Independent Contractor Agreements.

(b)  all attorneys' fees and costs incurred in connection with prosecuting this case and defending against Defendant's claims and demands.

(c)  All pre- and post-judgment interest as allowed by law.

(d)  the following declarations:

   (i)  Texas law applies to all of the controversies between the parties arising out of the Independent Contractor Agreements.

   (ii)  Defendant was at all relevant times an independent contractor of TNA, and was never an employee of TNA.

   (iii)  All present and future claims of Defendant for personal and bodily injury against TNA and its parents, officers, employees and agents have been released.

   (iv)  To the extent Plaintiff's employees or contractors purportedly provided Defendant with illegal performance enhancing drugs or prescription medications they did so outside the scope of their employment with Plaintiff or without Plaintiff's authorization.

   (v)  TNA did not violate 42 U.S.C. § 1981 by creating, developing and/or directing Defendant, an actor, to participate in particular racially-related conduct, as alleged by Defendant.

   (vi)  TNA did not violate 42 U.S.C. § 1981 by casting Defendant, an actor, in part because of his particular physical appearance to play a role that depicts particular Latin American wrestlers engaged in racially-related conduct, as alleged by Defendant.

(vii) TNA did not violate 42 U.S.C. § 1981 by using certain racially-related words or conduct, if established as alleged by Defendant, during the creative process in developing its entertainment product which includes issues addressing race and other politically based issues.

(viii) TNA did not violate 42 U.S.C. § 1981 by using certain racially-related words or conduct, or creating, developing and/or directing Defendant, an actor, to participate in particular racially-related conduct, as alleged by Defendant, during the creative process in developing its entertainment product which includes issues addressing race and other politically based issues, because, *inter alia*, the direction, words, conduct, if established, and physical appearance, are necessary to the creative environment and the created entertainment product.

(ix) TNA did not violate 42 U.S.C. § 1981 by compensating Defendant differently because of his race, or retaliating against him because of complaints of racial harassment, because such allegations are false.

(x) TNA did not violate 42 U.S.C. § 1981 because Defendant's conduct and participation with TNA over a number of years, pursuant to the Independent Contractor Agreements and otherwise, waives and estops Defendant from claiming any subjective or objective offense to TNA's alleged conduct.

(xi) TNA did not violate 42 U.S.C. § 1981 because its actions and speech are consistent with the First Amendment of the United States Constitution in creating and performing story lines that utilize particular characters, story lines, and themes, and the restraint of such actions by a Court, or a statute, would violate the United States Constitution.

(xii) TNA did not violate 42. U.S.C. § 1981 because Defendant voluntarily entered into the Independent Contractor Agreements knowing that the contracts required him to portray characters of Hispanic origin, including the Konnan character.

(xiii) Plaintiff's alleged violations of 42 U.S.C. § 1981 are barred by applicable statute of limitations.

(xiv) TNA has had a legal right to use the LAX logo, regardless of whether the logo was created by Defendant, pursuant to the August 2005 Independent Contractor Agreement and has not violated any applicable trademark statutes or laws.

(e)    All other relief to which Plaintiff may show itself to be justly entitled.

DATED: March 26, 2008

Respectfully submitted,

_____
Richard S. Krumholz
State Bar No. 00784425
William P. Finegan
State Bar No. 07008700

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone:    214/855-8000
Facsimile:    214/855-8200

ATTORNEYS FOR PLAINTIFFS
TNA ENTERTAINMENT, LLC

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TNA Entertainment, LLC

**308 CV - 522**

### DEFENDANTS
Charles "Carlos" Ashenoff, pka "Konnan"

(b) County of Residence of First Listed Plaintiff: **Davidson County, TN**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego County, CA**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard S. Krumholz, Fulbright & Jaworski L.L.P., 2200 Ross Avenue, Suite 2800, Dallas, TX 75201; (214) 855-8000

Attorneys (If Known)

RECEIVED MAR 26 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 2201 and 2202

Brief description of cause: Breach of contract and request for declaratory judgment action based on breach of independent contractor agreement.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Declaratory judgment

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 03/26/2008

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____