UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TNA Entertainment, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Charles "Carlos" Ashenoff, | § | |
| | § | |
| Defendants, | § | CIVIL ACTION NO. 3:08CV-522-B |
| | § | |
| v. | § | |
| | § | |
| Jeffrey L. Jarrett, Dixie Carter, Paul W. | § | |
| Taylor III (p/k/a Terry Taylor), and | § | |
| Wayne Cowan (p/k/a Dutch Mantel), | § | |
| | § | |
| Counterclaim Defendants. | § | |

## THIRD-PARTY DEFENDANT PAUL W. TAYLOR III'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Third Party Defendant Paul W. Taylor III ("Taylor") hereby files his Original Answer to Defendant's Counterclaims ("Defendant's Counterclaims") as follows:

## I.
## ANSWER

1.      Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 1 of Defendant's Counterclaims.

2.      Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 2 of Defendant's Counterclaims, except that Taylor admits that Third-Party Defendant Jarrett is the Vice President of TNA.

3.      Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 3 of Defendant's Counterclaims, except that Taylor admits that Third-Party Defendant Carter is the President of TNA.

4.      Taylor admits the allegations contained in the first sentence of paragraph 4 of Defendant's Counterclaims.  As for the allegations contained in the second sentence of paragraph 4 of Defendant's Counterclaims, Taylor admits that, pursuant to a Stipulation and Waiver executed by the parties to this litigation, this Court has personal jurisdiction over him in this matter, but Taylor denies that the Court has subject matter jurisdiction over all of the claims asserted in Defendant's Counterclaims and denies any additional allegations to the extent they are inconsistent with or purport to address issues beyond those contained in the Stipulation and Waiver executed by the parties to this litigation.

5.      Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 5 of Defendant's Counterclaims.

6.      Taylor admits the allegations contained in paragraph 6 of Defendant's Counterclaims.

7.      Taylor admits the allegations contained in the first sentence of paragraph 7 of Defendant's Counterclaims.  Taylor denies the allegations contained in the second sentence of paragraph 7 of Defendant's Counterclaims as it pertains to TNA's current roster of wrestlers.

8.      Taylor denies the allegations contained in paragraph 8 of Defendant's Counterclaims, except that Taylor admits that professional wrestling matches are staged events in which the outcomes are predetermined.

9.      Taylor denies the allegations contained in paragraph 9 of Defendant's Counterclaims, except that Taylor admits that TNA is, in part, responsible for determining the outcome of matches and developing the story lines to be performed by the wrestlers.

10.     Taylor denies the allegations contained in paragraph 10 of Defendant's Counterclaims.

11.     Taylor denies the allegations contained in paragraph 11 of Defendant's Counterclaims.

12.     Taylor denies the allegations contained in paragraph 12 of Defendant's Counterclaims.

13.     Taylor denies the allegations contained in paragraph 13 of Defendant's Counterclaims, except that Taylor admits that there is an Hispanic wrestler named Nelson Erazo who is known professionally as "Homicide" and is on the TNA roster and Taylor further states that he is without sufficient knowledge to admit or deny what Nelson Erazo's intent was in creating the ring name of "Homicide" prior to joining TNA.

14.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 14 of Defendant's Counterclaims because he is not responsible for booking matches or for writing story lines.

15.     Taylor is without sufficient knowledge to admit or deny the allegations contained in the first sentence in paragraph 15 of Defendant's Counterclaims as to the unidentified and undefined "members of TNA's management group", however, Taylor denies the allegations contained in the first sentence of paragraph 15 of Defendant's Counterclaims to the extent the allegations are being asserted against him.  Taylor denies the allegations contained in the second sentence of paragraph 15 of Defendant's Counterclaims.

16.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 16 of Defendant's Counterclaims, except that Taylor admits that Defendant Ashenoff attached an executed agreement to his Counterclaims and that the agreement speaks for itself.

17.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 17 of Defendant's Counterclaims, except that Taylor admits that Defendant Ashenoff attached an executed agreement to Defendant's Counterclaims and that the agreement speaks for itself.

18.     Taylor admits the allegations contained in paragraph 18 of Defendant's Counterclaims.

19.     Taylor admits that Defendant Ashenoff was classified as an independent contractor and states that the executed agreement attached to Defendant's Counterclaims is a written document that speaks for itself.  Taylor otherwise denies the remaining allegations of paragraph 19 of Defendant's Counterclaims.

20.     Taylor admits that Defendant Ashenoff was to provide services related to performing as a professional wrestler and states that the executed agreement attached to Defendant's Counterclaims is a written document that speaks for itself.  Taylor otherwise denies the remaining allegations of paragraph 20 of Defendant's Counterclaim.

21.     Taylor denies the allegations contained in paragraph 21 of Defendant's Counterclaims, except that Taylor admits that Konnan was a character developed and utilized by Defendant Ashenoff prior to his joining TNA.

22.     Taylor denies the allegations contained in paragraph 22 of Defendant's Counterclaims.

23.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 23 of Defendant's Counterclaims as to any other person at TNA, except that Taylor denies that Defendant Ashenoff raised any objections or concerns with him regarding allegedly "degrading stereotypes" on a regular basis as asserted in paragraph 23 of Defendant's Counterclaims.

24.     Taylor denies the allegations contained in paragraph 24 of Defendant's Counterclaims.

25.     Taylor is without sufficient information to admit or deny the allegations contained in paragraph 25 of Defendant's Counterclaims as to all of TNA's "management personnel, bookers and agents"; however, Taylor denies said allegations to the extent the allegations are being asserted against him.

26.     Taylor is without sufficient information to admit or deny the allegations contained in paragraph 26 of Defendant's Counterclaims as to all of TNA's "management"; however, Third Party Defendant Taylor denies said allegations to the extent the allegations are being asserted against him.

27.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 27 of Defendant's Counterclaims as to all of TNA's "management"; however, Third Party Defendant Taylor denies said allegations to the extent the allegations are being asserted against him.

28.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 28 of Defendant's Counterclaims; however, Taylor denies said allegations to the extent that the allegations are being asserted against him.

29.     Taylor admits the allegations contained in paragraph 29 of Defendant's Counterclaims.

30.     Taylor admits that WCW was sued by multiple minority wrestlers as alleged in paragraph 30 of Defendant's Counterclaims; however, Taylor is without sufficient knowledge to admit or deny the years the suits were brought or any other allegations of paragraph 30 of Defendant's Counterclaims.

31.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 31 of Defendant's Counterclaim as to Vince Russo; however, Taylor denies that he is a racist "who frequently used racially offensive language, such as the word "nigger", and who regularly displayed hostility to members of minority groups" as alleged in paragraph 31 of Defendant's Counterclaims.

32.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 32 of Defendant's Counterclaims, except that Taylor admits that Defendant Ashenoff attached what is purported to be a true and correct copy of an interview reportedly done by Vince Russo in September of 1999 to Defendant's Counterclaims.

33.     Taylor denies the allegations contained in paragraph 33 of Defendant's Counterclaims, except that Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 33 of Defendant's Counterclaims as to Vince Russo.

34.     Taylor denies the allegations contained in paragraph 34 of Defendant's Counterclaims, except that Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 34 of Defendant's Counterclaims as to Vince Russo.

35.     Taylor denies the allegations contained in paragraph 35 of Defendant's Counterclaims, except that Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 35 of Defendant's Counterclaims as to Vince Russo.

36.     Taylor denies the allegations contained in paragraph 36 of Defendant's Counterclaims to the extent Defendant Ashenoff is alleging that he raised any alleged complaints of "rampant racism" with Taylor; however, Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 36 of Defendant's Counterclaims as to other persons at TNA.

37.     Taylor admits that he sent the e-mail attached as Exhibit "D" to Defendant's Counterclaims and states that the e-mail speaks for itself.  Taylor denies the allegations in paragraph 37 of Defendant's Counterclaims to the extent they are inconsistent with the e-mail.

38.     Taylor denies the allegations contained in paragraph 38 of Defendant's Counterclaims, except that Taylor states that the letter attached as Exhibit "E" to Defendant's Counterclaims speaks for itself.

39.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 39 of Defendant's Counterclaims.

40.     Taylor denies the allegations contained in paragraph 40 of Defendant's Counterclaims, except that Taylor admits that Third-Party Defendant Jarrett was involved in the decision to terminate and suspend Defendant Ashenoff.

41.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 41 of Defendant's Counterclaims.

42.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 42 of Defendant's Counterclaims, except that Taylor states that the e-mail attached as Exhibit "F" to Defendant's Counterclaims speaks for itself

43.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 43 of Defendant's Counterclaims, except that Taylor states that e-mail attached as Exhibit "G" to Defendant's Counterclaims speaks for itself.

44.     Taylor admits that professional wrestlers can endure considerable wear and tear on their bodies as alleged in the first sentence of paragraph 44 of Defendant's Counterclaims. Taylor admits that the alleged wear and tear can be aggravated by the nature of the wresting business as alleged in the second sentence of paragraph 44 of Defendant's Counterclaims. Taylor admits that in some wrestling organizations and for some wrestlers there is no off season

as alleged in the third sentence of paragraph 44 of Defendant's Counterclaims but Taylor denies that TNA failed to allow reasonable time for wrestlers to obtain medical attention, to heal, or to otherwise recover from injuries.  Taylor admits that wrestling organizations can have multiple events in a single week as alleged in the fourth sentence of paragraph 44 of Defendant's Counterclaims but denies that TNA regularly scheduled multiple wrestling events in a single week.

45.     Taylor denies the allegations contained in paragraph 45 of Defendant's Counterclaims as it pertains to TNA and is without sufficient knowledge to admit or deny the allegations as to any other wrestling organization.

46.     Taylor denies the allegations contained in the first sentence of paragraph 46 of Defendant's Counterclaims.  Taylor admits the allegations in the second sentence of paragraph 46 of Defendant's Counterclaims as it pertains to TNA and is without sufficient knowledge to admit or deny the allegations as to any other wrestling organizations.  Taylor is without sufficient knowledge to admit or deny the allegations contained in the third and fourth sentence of paragraph 46 of Defendant's Counterclaims.

47.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 47 of Defendant's Counterclaims, except that Taylor denies that he was informed that Defendant Ashenoff had an alleged "chronic" hip injury when he came to TNA that allegedly caused Defendant Ashenoff pain and physical distress whenever he wrestled.

48.     Taylor denies the allegations contained in paragraph 48 of Defendant's Counterclaims as asserted against him and Taylor is without sufficient knowledge to admit or deny the allegations as to unidentified "agents of TNA."

49.     Taylor admits the allegations contained in paragraph 49 of Defendant's Counterclaims.

50.     Taylor denies the allegations contained in paragraph 50 of Defendant's Counterclaims, except to the extent Taylor admits that a promissory note was executed wherein TNA agreed to loan money to Defendant Ashenoff which Defendant Ashenoff represented would be used for his hip surgery.

51.     Taylor denies the allegations contained in the first sentence of paragraph 51 of Defendant's Counterclaims.  Taylor denies the allegations contained in the second sentence of paragraph 51 of Defendant's Counterclaims to the extent the allegations are being asserted against him and Taylor is without sufficient knowledge to admit or deny the allegations as to the unidentified "TNA bookers."

52.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 52 of Defendant's Counterclaims as to unidentified "agents of TNA" or "other TNA performers"; however, to the extent the allegations are being asserted against him, Taylor denies that he provided any un-prescribed prescription drugs to various TNA performers, including Defendant Ashenoff.

53.     Taylor denies the allegations contained in the first sentence of paragraph 53 of Defendant's Counterclaims.  Taylor is without sufficient knowledge to admit or deny that Defendant Ashenoff underwent a kidney transplant in July 2007 because Taylor has not been provided with any medical records of Defendant Ashenoff.

54.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 54 of Defendant's Counterclaims, except that Taylor denies the allegations to the extent that the allegations contained in paragraph 54 are being asserted against him.

55.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 55 of Defendant's Counterclaims, except that Taylor admits that the members of LAX were all Latino.

56.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 56 of Defendant's Counterclaims.

57.     Taylor admits the allegations contained in paragraph 57 of Defendant's Counterclaims.

58.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 58 of Defendant's Counterclaims.

59.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 59 of Defendant's Counterclaims, except that Taylor admits that TNA continues to use the LAX brand and logo.

60.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 60 of Defendant's Counterclaims.

61.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 61 of Defendant's Counterclaims.

## COUNT I

62.     Taylor incorporates by reference his responses to paragraphs 1-61 above, which are restated in response to paragraph 62 of Defendant's Counterclaims.

63.     Taylor denies the allegations contained in paragraph 63 of Defendant's Counterclaims.

64.     Taylor denies the allegations contained in paragraph 64 of Defendant's Counterclaims.

65.     Taylor denies the allegations contained in paragraph 65 of Defendant's Counterclaims.

66.     Taylor denies the allegations contained in paragraph 66 of Defendant's Counterclaims.

67.     Taylor denies the allegations contained in paragraph 67 of Defendant's Counterclaims.

68.     Taylor denies the allegations contained in paragraph 68 of Defendant's Counterclaims.

## COUNT II

69.     Taylor incorporates by reference his responses to paragraphs 1-68 above, which are restated in response to paragraph 69 of Defendant's Counterclaims.

70.     Taylor denies the allegations contained in paragraph 70 of Defendant's Counterclaims to the extent Defendant Ashenoff claims he raised complaints about alleged "rampant racism" with Taylor.

71.     Taylor states that paragraph 71 of Defendant's Counterclaims states a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Taylor otherwise denies the allegations contained in paragraph 71 of Defendant's Counterclaims to the extent the allegations are being asserted against him.

72.     Taylor denies the allegations contained in paragraph 72 of Defendant's Counterclaims.

73.     Taylor denies the allegations contained in paragraph 73 of Defendant's Counterclaims.

74.     Taylor denies the allegations contained in paragraph 74 of Defendant's Counterclaims.

## COUNT III

75.     Taylor incorporates by reference his responses to paragraphs 1-74 above, which are restated in response to paragraph 75.

76.     Taylor denies the allegations contained in paragraph 76 of Defendant's Counterclaims.

77.     Taylor denies the allegations contained in paragraph 77 of Defendant's Counterclaims.

## COUNT IV

78.     Taylor incorporates by reference his responses to paragraphs 1-77 above, which are restated in response to paragraph 78 of Defendant's Counterclaims.

79.     Taylor states that paragraph 79 of Defendant's Counterclaims states a conclusion of law and, as such, no responsive pleading is required.  To the extent a response is required, Taylor admits the allegations contained in paragraph 79 of Defendant's Counterclaims as to TNA under applicable federal and/or state law, but denies the allegations to the extent it purports to impose duties on Taylor which do not exist under federal and or state law or that exceed any duties that do exist.

80.     Taylor denies the allegations contained in paragraph 80 of Defendant's Counterclaims.

81.     Taylor denies the allegations contained in paragraph 81 of Defendant's Counterclaims.

82.     Taylor denies the allegations contained in paragraph 82 of Defendant's Counterclaims.

83.     Taylor denies the allegations contained in paragraph 83 of Defendant's Counterclaims.

## COUNT V

84.     Taylor incorporates by reference his responses to paragraphs 1-83 above, which are restated in response to paragraph 84 of Defendant's Counterclaims.

85.     Taylor denies the allegations contained in paragraph 85 of Defendant's Counterclaims.

86.     Taylor denies the allegations contained in paragraph 86 of Defendant's Counterclaims.

87.     Taylor denies the allegations contained in paragraph 87 of Defendant's Counterclaims.

## COUNT VI

88.     Taylor incorporates by reference his responses to paragraphs 1-87 above, which are restated in response to paragraph 88 of Defendant's Counterclaims.

89.     Taylor denies the allegations contained in paragraph 89 of Defendant's Counterclaims as asserted against him and is without sufficient knowledge to admit or deny the allegations as to Third-Party Defendant Keown.

90.     Taylor is currently without sufficient knowledge to admit or deny the allegations contained in paragraph 90 of Defendant's Counterclaims.

91.     Taylor denies the allegations contained in paragraph 91 of Defendant's Counterclaims.

92.     Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 92 of Defendant's Counterclaims.

93.     Taylor denies the allegations contained in paragraph 93 of Defendant's Counterclaims.

## COUNT VII

94.     Taylor incorporates by reference his responses to paragraphs 1-93 above, which are restated in response to paragraph 94 of Defendant's Counterclaims.

95.     Taylor states that paragraph 95 states a conclusion of law and, as such, no responsive pleading is required.   To the extent a response is required, Taylor admits the allegations contained in paragraph 95 of Defendant's Counterclaims as to TNA under applicable federal and/or state law, but denies the allegations to the extent it purports to impose duties on Taylor which do not exist under federal and or state law or that exceed any duties that do exist.

96.     Taylor denies the allegations contained in paragraph 96 of Defendant's Counterclaims.

97.     Taylor denies the allegations contained in paragraph 97 of Defendant's Counterclaims.

98.     Taylor denies the allegations contained in paragraph 98 of Defendant's Counterclaims.

99.     Taylor denies the allegations contained in paragraph 99 of Defendant's Counterclaims.

## COUNT VIII

100.     Taylor incorporates by reference his responses to paragraphs 1-99 above, which are restated in response to paragraph 100 of Defendant's Counterclaims.

101.     Taylor denies the allegations contained in paragraph 101 of Defendant's Counterclaims to the extent said allegations are being asserted against him and Taylor is without sufficient knowledge to admit or deny said allegations as to TNA or any other individual.

102.     Taylor denies the allegations contained in paragraph 102 of Defendant's Counterclaims.

103.     Taylor denies the allegations contained in paragraph 103 of Defendant's Counterclaims.

104.    Taylor denies the allegations contained in paragraph 104 of Defendant's Counterclaims.

105.    Taylor denies the allegations contained in paragraph 105 of Defendant's Counterclaims.

## COUNT IX

106.    Taylor incorporates by reference his responses to paragraphs 1-105 above, which are restated in response to paragraph 106 of Defendant's Counterclaims of Defendant's Counterclaims.

107.    Taylor denies the allegations contained in paragraph 107 of Defendant's Counterclaims to the extent the allegations are being asserted against him and Taylor is without sufficient knowledge to admit or deny the allegations as to TNA or any other individual.

108.    Taylor denies the allegations contained in paragraph 108 of Defendant's Counterclaims to the extent the allegations are being asserted against him and Taylor is without sufficient knowledge to admit or deny the allegations as to TNA or any other individual.

109.    Taylor denies the allegations contained in paragraph 109 of Defendant's Counterclaims.

110.    Taylor denies the allegations contained in paragraph 110 of Defendant's Counterclaims.

111.    Taylor denies the allegations contained in paragraph 111 of Defendant's Counterclaims.

112.    Taylor denies the allegations contained in paragraph 112 of Defendant's Counterclaims.

113.    Taylor denies the allegations contained in paragraph 113 of Defendant's Counterclaims.

114.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 114 of Defendant's Counterclaims.

115.    Taylor denies the allegations contained in paragraph 115 of Defendant's Counterclaims.

116.    Taylor denies the allegations contained in paragraph 116 of Defendant's Counterclaims.

## **COUNT X**

117.    Taylor incorporates by reference his responses to paragraphs 1-116 above, which are restated in response to paragraph 117 of Defendant's Counterclaims.

118.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 118 of Defendant's Counterclaims.

119.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 119 of Defendant's Counterclaims.

120.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 120 of Defendant's Counterclaims, except that Taylor admits that TNA continues to affix and employ the LAX name, brand and LAX logo upon TNA marketing materials and products.

121.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 121 of Defendant's Counterclaims.

122.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 122 of Defendant's Counterclaims.

123.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 123 of Defendant's Counterclaims.

124.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 124 of Defendant's Counterclaims.

125.    Taylor is without sufficient knowledge to admit or deny the allegations contained in paragraph 125 of Defendant's Counterclaims.

### COUNT XI

126.    Taylor incorporates by reference his responses to paragraphs 1-125 above, which are restated in response to paragraph 126 of Defendant's Counterclaims.

127.    Taylor denies the allegations contained in paragraph 127 of Defendant's Counterclaims.

128.    Taylor denies any and all relief sought by Defendant Ashenoff in his prayer for relief.

### II.
### AFFIRMATIVE DEFENSES

129.    Taylor affirmatively pleads that Defendant Ashenoff's claims are barred, in whole or part, by the terms of the Independent Contractor Agreement Defendant Ashenoff executed.

130.    Taylor affirmatively pleads that, pursuant to the Independent Contractor Agreement entered into by Defendant Ashenoff, Texas law applies to this dispute.

131.    Taylor affirmatively pleads that Defendant Ashenoff has expressly waived the right to a trial by jury.

132.    Defendant Ashenoff's claims are barred by the doctrines of waiver, release, laches, contributory negligence, unclean hands, license, and estoppel.

133.    Defendant Ashenoff's alleged injuries were caused, in whole or in part, by his own acts, omissions, and negligent, improper and/or illegal conduct, and/or were solely caused by third parties whom/which Taylor does not control.

134.   Defendant Ashenoff's claims are barred by the doctrine of waiver by conduct.

135.   Defendant Ashenoff's alleged damages resulted from a preexisting condition for which Taylor is not liable.

136.   Taylor affirmatively pleads that he has not ever discriminated against Defendant Ashenoff and Taylor denies that he violated Defendant Ashenoff's rights under 42 U.S.C. § 1981.

137.   Taylor affirmatively pleads that, to the extent that Defendant Ashenoff's retaliation claims are asserted against him, Taylor has not ever retaliated against Defendant Ashenoff.

138.   Taylor affirmatively pleads that he had no special relationship with Defendant Ashenoff and that he did not exercise significant control over Defendant Ashenoff and, therefore, Defendant Ashenoff's claim for Intentional Infliction of Emotional Distress against Taylor should be dismissed as a matter of law.  Taylor also affirmatively pleads that Defendant Ashenoff has failed to establish the required level of conduct needed to support such a claim.

139.   Taylor affirmatively pleads that Defendant Ashenoff's negligent hiring, training and/or supervision claims are inapplicable to Taylor since Taylor exercised no hiring, training or supervisory authority over Defendant Ashenoff and, therefore, said claims should be dismissed against Taylor as a matter of law.

140.   Taylor affirmatively pleads that Defendant Ashenoff has not established that he has standing to bring any claim for prospective relief and, therefore, this claim against Taylor should be dismissed as a matter of law.

141.   Defendant Ashenoff's claim for "prospective relief" fails as a matter of law, does not state a claim for which relief can be granted, and fails on the merits because, among other things: (i) there is no such claim under Texas law or the law of any other potentially applicable

jurisdiction; (ii) the factual allegations underlying this purported claim are wholly without merit; and (iii) Defendant Ashenoff has failed to establish the requirements for injunctive relief, given the absence of a reasonable likelihood of success, the absence of irreparable harm, and the absence of adequate remedies at law.

142.    Taylor affirmatively states that Defendant Ashenoff's cause of action for bodily injury is not an independent cause of action under either Texas or Florida law and, therefore, this claim against Taylor should be dismissed as a matter of law.

143.    Defendant Ashenoff's claim for "bodily injury" fails as a matter of law, does not state a claim for which relief can be granted, and fails on the merits because, among other things: (i) there is no such claim under Texas law or the law of any other potentially applicable jurisdiction; (ii) the factual allegations underlying this purported claim are wholly without merit; (iii) any claim for "bodily injury" is expressly released and/or otherwise foreclosed by Defendant Ashenoff's contracts with TNA Entertainment, Inc.; and (iv) Defendant Ashenoff has failed to establish any legal basis for recovering damages for his alleged injuries.

144.    Taylor affirmatively pleads that he has not been convicted of any crime under Fla. Stat. §893.135 and, therefore, Defendant Ashenoff's cause of action under the Florida Drug Dealer Liability Act should be dismissed as a matter of law.

145.    Taylor affirmatively pleads that Defendant Ashenoff's claims against him under the Florida Drug Dealer Liability Act are totally frivolous and without merit and, in the event the Court determines that Florida law applies to this action, Taylor is entitled to recover from Defendant Ashenoff his reasonable attorney's fees and court costs in this action under Fla. Stat. §772.12(5) because there is a complete absence of a justiciable issue of either law or fact raised by Defendant Ashenoff's pleadings.

146.    Taylor affirmatively pleads that he has not engaged in any trafficking in illegal drugs as required by §893.135 to establish liability under the Florida Drug Dealer Liability Act.

147.    Taylor affirmatively pleads that he has not possessed or given to Defendant Ashenoff any illegal drugs at any time.

148.    Taylor affirmatively pleads that Defendant Ashenoff has failed to state a claim upon which relief can be granted.

149.    Taylor affirmatively pleads that he has not been convicted of any crime under Fla. Stat. §893.135 and, therefore, Defendant Ashenoff's cause of action under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act should be dismissed as a matter of law.

150.    Taylor affirmatively pleads that Defendant Ashenoff's claim against him under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act is totally frivolous and without merit and, in the event the Court determines Florida law applies to this action, then Taylor is entitled to recover from Defendant Ashenoff his reasonable attorney's fees and court costs in this action under Chapter 895 of the Florida Statutes because there is a complete absence of a justiciable issue of either law or fact raised by Defendant Ashenoff's pleadings.

151.    Taylor affirmatively pleads that Defendant Ashenoff lacks standing to bring a claim under the Florida Drug Dealer Liability Act.

152.    Taylor affirmatively pleads that Defendant Ashenoff lacks standing to bring a claim under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act.

153.    Taylor affirmatively pleads that Defendant Ashenoff's claims under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act are barred by the economic loss rule.

154. Taylor affirmatively pleads that he has not engaged in any pattern of racketeering activity, as that term is defined under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act.

155. Taylor affirmatively pleads that he has not engaged in any racketeering conduct or racketeering activity, as that term is defined under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act.

156. Taylor affirmatively pleads that he has not participated in nor is he a part of any enterprise, as that term is defined under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act.

157. Taylor affirmatively pleads that Defendant Ashenoff was a willing participant in any activity that Defendant Ashenoff alleges was a violation under the Florida Drug Dealer Liability Act.

158. Taylor affirmatively pleads that Defendant Ashenoff was a willing participant in any activity that Defendant Ashenoff alleges was a violation under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act.

159. Taylor affirmatively pleads that he has not conspired to engage in any illegal activity sufficient to trigger application of the Florida Drug Dealer Liability Act.

160. Taylor affirmatively pleads that he has not conspired to engage in any illegal activity sufficient to trigger application of the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act.

161. Taylor affirmatively pleads that he has not provided or given to Defendant Ashenoff any unprescribed pain-killers while Defendant Ashenoff was under contract with TNA Enterprises, Inc.

162.    Taylor affirmatively pleads that Defendant Ashenoff breached the terms of his contracts with TNA Enterprises, Inc. because Defendant Ashenoff admitted in Defendant's Counterclaims that Defendant Ashenoff possessed and/or injested illegal pain killers and other illegal drugs during the time Defendant Ashenoff was under contract with TNA Enterprises, Inc.

163.    Taylor affirmatively pleads that Defendant Ashenoff's claim under the Florida Drug Dealer Liability Act is totally without merit, lacks any justiciable issue in law or fact, and is frivolous.

164.    Taylor affirmatively pleads that Defendant Ashenoff's claim under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act is totally without merit, lacks any justifiable issue in law or fact, and is frivolous.

165.    Taylor affirmatively pleads that should Defendant Ashenoff obtain any injunctive relief under the Florida Racketeer Influenced and Corrupt Organizations (RICO) Act, this Court should order Defendant Ashenoff to post a good and sufficient bond pursuant to Fla. Stat. §895.05(6).

166.    Defendant Ashenoff's claims are barred, in whole or in part, by the doctrines of payment and accord and satisfaction.

167.    Defendant Ashenoff's claims are barred because Defendant was at all time a willing and voluntary participant in the actual and alleged conduct at issue in this lawsuit.

168.    Taylor is entitled to recover his reasonable costs and attorney's fees under Chapters 37 and 38 of the Texas Civil Practice and Remedies Code.

169.    Taylor is entitled to sanctions and attorneys' fees under Fed. R. Civ. P. 11 because Defendant Ashenoff has made factual and legal claims that are subjectively and objectively frivolous, were made without reasonable investigation or research into the applicable facts and

law and have no reasonable basis in fact or law, are highly defamatory, constitute an abuse of legal process, and were made for the improper purpose of harassment and defamation.

170.    Defendant Ashenoff's claims are barred by applicable statute of limitations.

171.    Defendant Ashenoff has failed to mitigate his damages, if any, as required by law.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Taylor prays that Defendant Ashenoff take nothing by this suit, that all relief requested by Defendant Ashenoff be denied, that Taylor recover his attorney's fees and all costs of court from Defendant Ashenoff, and Taylor prays for all other relief to which he is justly entitled.

Respectfully submitted,

By: _/s/ Robert Blackwell_____
      Robert Blackwell
      State Bar No. 24001744
      Edwin P. Voss, Jr.
      State Bar No. 20620300

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEY FOR
PAUL W. TAYLOR III

## CERTIFICATE OF SERVICE

      I hereby certify that on August 11, 2008, a copy of the foregoing ORIGINAL ANSWER was electronically filed with the clerk of court using the ECM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Cary Ichter
Adorno & Voss, LLC
Two Midtown Plaza, Suite 1500
1349 W. Peachtree, N.W.
Atlanta, GA 30309

Kevin Wiggins
Adorno & Voss, LLC
Bank of America Plaza, Suite 6200
Dallas, Texas 75202

Richard S. Krumholz
Fulbright & Jaworski, LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

By: _/s/ Robert Blackwell_____
      Robert Blackwell