**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TNA Entertainment, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Charles "Carlos" Ashenoff,** | ) | |
| | ) | **CIVIL ACTION NO.: 3:08-CV-522-B** |
| **Defendant,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **Jeffrey L. Jarrett, Dixie Carter, Paul W. Taylor III (p/k/a Terry Taylor), and Wayne Cowan (p/k/a Dutch Mantel),** | ) ) ) | |
| | ) | |
| **Counterclaim Defendants.** | ) | |

**DEFENDANT'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Defendant Charles "Carlos" Ashenoff hereby makes these Initial Disclosures based upon information reasonably available at this time. Mr. Ashenoff reserves the right to supplement these disclosures as appropriate, either through supplements hereto, through correspondence to counsel, or through responses to other discovery requests or expert disclosures. Mr. Ashenoff makes the following disclosures without waiving any objection of any kind.

**1.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of information.**

See attached Exhibit "A."

**2.     Provide a copy of, or description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or**

**control of the party and that the disclosing party may use to support is claim or defenses, unless solely for impeachment.**

See attached Exhibit "B."

**3.     Provide a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing the nature and extent of injuries suffered.**

Mr. Ashenoff is seeking actual, compensatory and punitive damages for the following counterclaims: (1) discrimination in violation of § 1981; (2) retaliation in violation of § 1981; (3) intentional infliction of emotional distress; (4) negligent hiring, training and/or supervision; (6) bodily injury; and (7) negligent hiring, training and/or supervision.

Regarding Mr. Ashenoff's fifth counterclaim for prospective relief, Mr. Ashenoff seeks a declaratory judgment that TNA and Third-Party Defendants' conduct violates § 1981 and a permanent injunction enjoining TNA and the Third-Party Defendants from maintaining or continuing any practices or actions which operate to discriminate on the basis of race and national origin.

Regarding Mr. Ashenoff's eighth counterclaim for liability under the Florida Drug Dealer Liability Act, Mr. Ashenoff seeks three-fold his actual damages and attorneys' fees, as provided for by the statute.

Regarding Mr. Ashenoff's ninth counterclaim for liability under the Civil Remedies for Criminal Practices Act, Mr. Ashenoff seeks the following relief: (1) an Order dissolving TNA; (2) an Order suspending or revoking any license, permit or prior approval granted by any agency of the state; (3) an Order requiring forfeiture of TNA's corporate charter; (4) an Order forfeiting TNA's right to all property, real or personal, including money, used in the course of, or intended for use in the course of, a violation of the statute; and (5) three-fold his actual damages and attorneys' fees as provided for by the statute.

Mr. Ashenoff also seeks his attorney's fees for this matter.

As of the date of these disclosures, Mr. Ashenoff has not computed the total amount of damages he is seeking.

**4.     Provide for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

N/A

Respectfully submitted this 19th day of September, 2008.

*/s/ Cary Ichter, Esq.*
Cary Ichter, Esq.
Georgia Bar No. 382515
Adriana Midence, Esq.
Georgia Bar No. 142298

ADORNO & YOSS, LLC
Two Midtown Plaza, Suite 1500
1349 W. Peachtree Street, N.W.
Atlanta, Georgia 30309
T: 404-347-8300
F: 404-347-8395

Kevin Wiggins, Esq.
Texas Bar No. 21441600
Tracey Wallace, Esq.
Texas Bar No. 00797617

ADORNO YOSS WHITE & WIGGINS LLP
Bank of America Plaza, Suite 6200
901 Main Street
Dallas, Texas 75202
T: 214-665-4150
F: 214-665-4160

ATTORNEYS FOR DEFENDANT
CHARLES ASHENOFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2008, a copy of the foregoing **DEFENDANT'S INITIAL DISCLOSURES** was electronically filed with the clerk of court using the ECM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Richard S. Krumholz
>Texas Bar No. 00784425
>William P. Finegan
>Texas Bar No. 07008700
>
>Robert Blackwell
>Texas Bar No. 24001744
>Edwin P. Voss, Jr.
>Texas Bar No. 20620300

>*/s/ Cary Ichter, Esq.*
>Cary Ichter, Esq.
>Georgia Bar No. 382515

{A0245766_2}

# EXHIBIT A

## Individuals with Discoverable Information

The following individuals may have discoverable information that Mr. Ashenoff may use to support his claims and defenses in this action:

1. Charles "Carlos" Ashenoff;

2. Dixie Carter, President of TNA Entertainment, LLC;

3. Jeffrey L. Jarrett, Vice-President of TNA Entertainment, LLC;

4. Paul W. Taylor, III, an employee of TNA Entertainment, LLC; and

5. Wayne Keown, an employee of TNA Entertainment, LLC.

Mr. Ashenoff reserves the right to supplement this list.

{A0245766_2}

## EXHIBIT B

### Description of Category of Documents

Mr. Ashenoff may use the following documents to support his claims and defenses in this action:

1. The parties' 2004 Agreement. A true and correct copy of this document is attached to Mr. Ashenoff's Answer and Counterclaims as Exhibit A.

2. The parties' 2005 Agreement. A true and correct copy of this document is attached to Mr. Ashenoff's Answer and Counterclaims as Exhibit B.

3. Electronic mail and other communications exchanged between the parties. Mr. Ashenoff is in the process of compiling the communications in his possession, and will supplement this disclosure accordingly.

4. TNA Entertainment, LLC's internal documents, including human resources documents (i.e. wrestling rosters, the racial/ethnic background of wrestlers, pay schedules, etc.), production and performance schedules, harassment policies, and drug use and testing policies.

{A0245766_2}