# EXHIBIT D

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
2200 ROSS AVENUE, SUITE 2800
DALLAS, TEXAS 75201-2784
WWW.FULBRIGHT.COM

RICHARD S. KRUMHOLZ
PARTNER
RKRUMHOLZ@FULBRIGHT.COM

DIRECT DIAL:  (214) 855-8022
TELEPHONE:   (214) 855-8000
FACSIMILE:   (214) 855-8200

October 2, 2008

Re: Civil Action No. 808-cv-522-B; *TNA Entertainment, LLC v. Charles "Carlos" Ashenoff v. Jeffrey L. Jarrett, Dixie Carter, Paul W. Taylor, III (p/k/a Terry Taylor) and Wayne Keown (p/k/a Dutch Mantel)*; in the United States District Court for the Northern District of Texas, Dallas Division

Mr. Cary Ichter
ADORNO & YOSS, LLC
1349 W. Peachtree Street, NE
Suite 1500
Atlanta, GA  30309

*By Electronic Mail and Facsimile*

Dear Cary:

After reviewing your client's initial disclosures and discovery responses, we find those responses to be inadequate in virtually every respect. I am writing in advance of tomorrow's call in the hope that you will agree to resolve this situation without need for the Court's intervention. This letter is offered pursuant to Rule 37(a)(2) of the FRCP and Local Rule 7.1 to confer in good faith regarding Ashenoff's deficient responses prior to seeking judicial relief.

## I.   Initial Disclosures

Quite frankly, your client's initial disclosures are so inadequate as to constitute a mockery of Rule 26(a)(1). We expect that Ashenoff will serve sufficient disclosures and will seek immediate judicial relief if your client fails to comply.

First and foremost, Ashenoff's list of persons "likely to have discoverable information" simply recites the names of the parties to the lawsuit and is patently insufficient under Fed. R. Civ. P. 26(a)(1)(A)(i). For example, your client's disclosure does not identify a single doctor, nurse, or other medical professional who treated your client for his alleged injuries. It also fails to include the names of any witnesses to TNA's alleged wrongful conduct, despite your previous representations to me that such witnesses exist. The list also fails to identify the subjects about which each witness is likely to have knowledge, again in plain violation of the rule. We expect that Ashenoff will immediately supplement this disclosure so that it fully complies with Fed. R. Civ. P. 26(a)(1)(A)(i). Please also be advised that we will move to strike or exclude any witness not included on this list.

**Exhibit "D"**

80323139.1/10806811
AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINN
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC

APP-48

Mr. Cary Ichter
October 2, 2008
Page 2

Likewise, Ashenoff's purported Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosure offers no information whatsoever about how Ashenoff is calculating his alleged damages. Simply stating that Ashenoff is seeking "three-fold his actual damages," without providing any computation of what Ashenoff's actual damages are, does not meet the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii). Again, we expect that Ashenoff will fully comply with Fed. R. Civ. P. 26(a)(1)(A)(iii) and provide sufficient disclosures immediately.

Finally, we request that Ashenoff immediately produce all documents described in Exhibit B.

## II. Requests for Production

As a preliminary matter, your September 19, 2008 cover letter asserts that Ashenoff will not produce his "personal" or medical records without some "prior agreement" regarding the "scope of medical and personal records that Plaintiff seeks," and that the records may only be inspected at your offices in Atlanta. This is unacceptable for several reasons. First, Ashenoff's medical records are not confidential or immune from discovery to the extent they relate to the merits of his claims against TNA. Ashenoff elected to make detailed allegations about his alleged medical condition in a public court filing against TNA and placed these matters directly at issue, and he has also made numerous public statements about his alleged medical condition. Given his public posturing and the nature of his allegations in this lawsuit, there is no legitimate basis for limiting the scope of this production beyond what is set forth in TNA's document requests or for designating this information as confidential. Second, there is no authority for your position that Ashenoff may serve as gatekeeper of his medical records and may pick and choose what records TNA is entitled to review. We expect that Ashenoff will produce all medical records responsive to TNA's requests. Third, given that this case is pending in Dallas (and especially given that your firm has a Dallas office), your insistence that counsel for TNA must travel to your office in Atlanta to inspect the records is wholly improper and unduly burdensome. We expect that Ashenoff will produce and allow copying of all medical records responsive to TNA's requests in Dallas.

As to the individual requests, based on your responses to Requests 1, 2, 4, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 49, 50, 51, 55, 56, 57, 58, 61, 62, 66, 67, 68, 69, 70, 75, 76, 77, 78, 80, 81, and 84, we are assuming that you are not withholding any nonprivileged documents that are responsive to these requests based on any of the objections asserted to these requests. If that is not correct, please advise me immediately and identify precisely what documents are being withheld. We also expect that Ashenoff will immediately produce a privilege log that fully complies with the Federal Rules of Civil Procedure's requirements for asserting privilege.

In addition, of the 88 Requests for Production, you object that 80 of them are either: (a) overly broad, unduly burdensome and seek the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence; or (b) are overly broad and unduly burdensome. Given the fact that TNA's requests are all proper and, in fact, the vast

80323139.1

**APP-49**

Mr. Cary Ichter
October 2, 2008
Page 3

majority of them are derived from claims asserted by your client, it is abundantly clear that these boilerplate objections are groundless and need to be withdrawn, and that all responsive documents will be immediately produced.

Many of your client's individual objections are outright frivolous. For example, Ashenoff's objections to Request No. 7 are baseless, as communications with third parties about providing testimony in a lawsuit are clearly not privileged. Please immediately withdraw your client's objections and produce all responsive documents.

Likewise, your client's objections to Request Nos. 8 and 74 (which seeks communications with the EEOC and other government agencies) are frivolous. This is a suit for racial discrimination. Your client has admittedly been in contract with the EEOC about his discrimination allegations. Such communications are obviously relevant to this case and are not subject to any legal privilege (and, indeed, no privilege is asserted). Please withdraw your objections and produce all responsive documents.

Ashenoff's objections to Request Nos. 30, 31, and 71 have no merit whatsoever. These requests seek information about matters specifically described in your client's own Counterclaim (*i.e.*, the alleged hip replacement surgery and hip injury). TNA has a clear and obvious right to discover the factual basis for your client's allegations. These objections are groundless and should be withdrawn, and all responsive documents should be produced immediately.

Your client's objections to Request Nos. 44, 45, 46, 47, 48, which address your client's involvement in LAX, are also without merit. The Counterclaim makes numerous allegations about LAX that are not limited to the dismissed trademark claim; in fact, your client's involvement with LAX is repeatedly cited in portions of the Counterclaim that address the race discrimination claim. Simply put, your client cannot make allegations in a federal lawsuit and then pick and choose which allegations are discoverable. Please immediately withdraw these objections and produce all responsive documents.

Ashenoff's objections to Request Nos. 13 and 60 are particularly puzzling given that Ashenoff has requested that TNA provide the same information (*i.e.*, audio and visual recordings of Ashenoff's wrestling performances). Your client cannot have it both ways. Once again, the Counterclaim makes numerous allegations regarding alleged acts of discrimination and other purportedly wrongful conduct that occurred in Ashenoff's public wrestling performances. We expect that your client will immediately withdraw his objections and produce all relevant information.

Contrary to your client's belief, there is a host of reasons why Request No. 63, which seeks documents regarding other employment opportunities that Ashenoff pursued or was offered while he was under contract with TNA, is fair grounds for discovery. For example, if Ashenoff failed to leave TNA despite having opportunities elsewhere, it would undercut his argument that TNA subjected him to a hostile work environment. Ashenoff's pursuit of other

80323139.1

Mr. Cary Ichter
October 2, 2008
Page 4

---

wrestling opportunities is also relevant to the severity of his alleged injuries as well as the damages he is seeking. Ashenoff's objections lack merit and should be withdrawn immediately.

With respect to Request No. 65, we fail to understand what is remotely vague or unclear about a request for documents that contain racially charged language, ethnic slurs, or other derogatory racial terms. If your client has created any such documents, we expect that they will be produced immediately.

Information regarding your client's income and tax returns (Request No. 72) is clearly relevant to the issue of damages. Ashenoff's objections on this issue are particularly galling given that he offered no information in his initial disclosures about how actual damages are to be calculated. Again, your client's objections should be withdrawn, and all relevant documents produced.

To the extent you are seeking attorneys' fees, you are required to produce discovery to substantiate such fees. A party cannot preclude all inquiry into the factual basis for an attorneys' fee claim simply by claiming privilege. At a minimum, we expect that all nonprivileged portions of bills and invoices will be produced immediately and supplemented throughout the litigation.

Your client's objections to Request No. 82 are similarly meritless. This request seeks information regarding Ashenoff's treatment by substance abuse facilities. Ashenoff specifically alleges that he was injured because TNA and/or its agents allegedly supplied him with unprescribed and illegal drugs. Given the nature of Ashenoff's allegations, as well as the possibility that Ashenoff's own substance abuse may have caused or contributed to his alleged health problems, your client's objections to Request No. 82 are untenable.

With respect to Request Nos. 82 and 83, TNA is entitled to know whether Ashenoff or any other party or potential witness in this case has been convicted of a crime or otherwise subject to criminal investigation. The issue is not whether such information would be admissible (which is a decision to be made at trial), but whether this inquiry is likely to lead to the discovery of admissible evidence. Criminal convictions and investigations are relevant to witness credibility as well as liability and damages; indeed, if your client has a prior criminal history for abusing illegal drugs, such information may bear directly on his alleged physical injuries. Please withdraw your objections to these requests and produce all responsive documents.

Finally, for any responses that Ashenoff states will be supplemented, we expect that such responses (and all other responses) will be promptly supplemented to the fullest extent required by the Federal Rules of Civil Procedure.

### III.  Interrogatories

**Interrogatory No. 1:** We expect that your client will immediately supplement his response and identify all witnesses that he intends to call (particularly given that you have already represented to me that such witnesses exist). In addition, your client's objection that

Mr. Cary Ichter
October 2, 2008
Page 5

---

even this basic request is "overly broad, vague, and unduly burdensome" is symbolic of Ashenoff's boilerplate approach to objections and evidences a lack of good faith in complying with his discovery obligations.

**Interrogatory No. 2:** As with Request for Production No. 7, communications with third-party witnesses are not privileged and must be disclosed. In addition, your client's objection that a request for communications related specifically to this lawsuit is overly broad and unduly burdensome is meritless. As such, please withdraw your objections and answer this interrogatory in full.

**Interrogatory No. 3:** As with Request for Production Nos. 82 and 83, TNA is entitled to know whether Ashenoff has been convicted of a crime or otherwise subject to criminal investigation. Please withdraw the objections and answer in full.

**Interrogatory No. 6:** Given the nature of your client's allegations in this lawsuit, TNA is entitled to the information requested in this Interrogatory. Ashenoff cannot escape his obligation to provide this information simply by referring to documents that do not answer the question, particularly given the fact that not a single medical record has been produced. In fact, in all my years of practice, I cannot recall a single instance where a personal injury plaintiff has failed to identify the medical professionals he or she saw. Please remove the objections and provide a complete answer.

## IV.   Deposition of Charles Ashenoff

We have received no response to our request for deposition dates for Ashenoff. Please advise when he will be available.

## V.   Conclusion

In conclusion, we expect that your client will immediately cure the deficiencies in his initial disclosures and interrogatory responses, withdraw his meritless objections, produce all documents responsive to TNA's document requests and fully answer TNA's interrogatories, and produce a privilege log that complies in full with the Federal Rules of Civil Procedure. Please contact me immediately if you have any questions. We look forward to tomorrow's call.

Very truly yours,

Richard S. Krumholz

80323139.1

**APP-52**