# Exhibit B

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
2200 ROSS AVENUE, SUITE 2800
DALLAS, TEXAS 75201-2784
WWW.FULBRIGHT.COM

RICHARD S. KRUMHOLZ
PARTNER
RKRUMHOLZ@FULBRIGHT.COM

DIRECT DIAL:     (214) 855-8022
TELEPHONE:      (214) 855-8000
FACSIMILE:      (214) 855-8200

December 12, 2008

Re:   Civil Action No. 808-cv-522-B; *TNA Entertainment, LLC v. Charles "Carlos" Ashenoff v. Jeffrey L. Jarrett, Dixie Carter, Paul W. Taylor, III (p/k/a Terry Taylor) and Wayne Keown (p/k/a Dutch Mantel)*; in the United States District Court for the Northern District of Texas, Dallas Division

Mr. Cary Ichter                                                                  ***Via Facsimile***
ADORNO & YOSS, LLC
1349 W. Peachtree Street, NE
Suite 1500
Atlanta, GA  30309

Dear Cary:

This is in response to your draft motion to compel discovery responses, sent to us on Friday, December 5, 2008.  While we share your stated desire to resolve any discovery issues without judicial intervention, we disagree with some of your contentions.  Indeed, as stated numerous times to multiple counsel for Mr. Ashenoff, we have not been provided records that it is clear your client possesses.  Further, it has been you, not us, that has delayed beginning the deposition phase of discovery.

With that said, I will attempt to address each of your individual concerns below.

I.      *Your contention that TNA Should be compelled to respond to Request for Production No. 12.*

The first issue you raise relates to the sufficiency of TNA's production of its lists and rosters.  In response to your discovery request, TNA has, to date, produced each and every talent roster and list of employees that has been located.  However, in producing these documents, TNA has been cognizant of its duty to protect the privacy and maintain the trust of its talent and employees.  As such, we redacted certain information from these rosters, including email addresses.

Rule 26(a)(i) of the Federal Rules of Civil Procedure, which delineates parties' obligations in making initial disclosures, states that for "each individual likely to have discoverable information" the parties to an action must provide only an "address and telephone number".  The Rules do not require email addresses to be disclosed -- even for those persons

80408654.2/10804679

Exhibit
"B"

APP-05

Mr. Cary Ichter
December 12, 2008
Page 2

likely to have relevant information. As such, your contention that Ashenoff is entitled to email addresses for our entire pool of talent and all of our employees is unpersuasive. Finally, the cases you cite in your draft motion in no way support your entitlement to the email addresses of our contracted talent and/or employees. I would be hesitant to include these cases as support for your tenuous position in any pleading filed with the Court.

Clearly you have no legal basis for forcing production, *carte blanche*, of all of the email addresses on our rosters. However, in the spirit of compromise, TNA is willing to provide you some of the email addresses in our possession on an individual basis. Should there be an employee or contractor that you cannot, through reasonable efforts, contact; then we will ask such employee or contractor if they object to our disclosure of his/her email address to you. If such employee or contractor has no objection, then we will gladly provide you such person's email address.

II.   *Your contention that TNA should be compelled to respond to Interrogatory No. 2 and Request for Production No. 1.*

In response to your request for information regarding the compensation of TNA's other performers, we may have reached an impasse; however, I would like to discuss this issue with you early next week. Your client has yet to articulate a good faith factual basis for why this request is likely to produce relevant and admissible evidence, and has failed to identify even one fact that would support a claim that TNA has made compensation decisions based on racial or ethnic considerations.

III.   *Your contention that TNA should be compelled to respond to Request for Production No. 2.*

You have failed to offer any legitimate reason why information about TNA's relationship with Panda Energy Company has any bearing on his claims or defenses in this litigation. There is no allegation that Panda Energy Company has any liability in this matter whatsoever. As you know, TNA Entertainment, LLC is an independent entity, subject to service of process and with the capacity to sue and be sued. It operates within its own organizational structure, with Dixie Carter as the President. You have given no indication of how documents responsive to this request, assuming they exist, would relate to the instant litigation, and I believe this request to be yet another attempt to fish for undiscoverable information and harass third parties in violation of the Federal Rules.

In your proposed motion, you state that TNA has produced "compelling evidence of the close connection between Panda Energy and TNA." As such, it is your stated intention "to prove that Panda Energy is liable for TNA's unlawful conduct" In order to do this, you state that, "Ashenoff must first discover the relationship between TNA and Panda Energy and then show Panda Energy has some level of control over TNA." It seems then, that your contention is that Panda Energy and TNA Entertainment, although clearly engaged in rather different pursuits, are part of a "Single Business Enterprise."

**APP-06**

Mr. Cary Ichter
December 12, 2008
Page 3

The law of corporations is firmly within the province of each of the 50 states in the Union. For a number of years Texas state courts, as well as Federal courts applying Texas substantive law, acknowledged, to some degree, the "single business enterprise" and "alter ego" theories as being operative in Texas. Indeed, you have cited some of these cases. However, the law in Texas has changed. In a recent Texas Supreme Court case, the "Single Business Enterprise" theory of liability was struck down. In doing this, the court stated,

> We have never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances. There must also be evidence of abuse, or as we said in *Castleberry*, injustice and inequity. By "injustice" and "inequity" we do not mean a subjective perception of unfairness by an individual judge or juror; rather, these words are used in *Castleberry* as shorthand references for the kinds of abuse, specifically identified, that the corporate structure should not shield — fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like. Such abuse is necessary before disregarding the existence of a corporation as a separate entity. Any other rule would seriously compromise what we have called a "bedrock principle of corporate law" that a legitimate purpose for forming a corporation is to limit individual liability for the corporation's obligations.

*SSP Partners v. Gladstrong Investments, USA, Corp*, No. 05-0721 (Tex. Nov. 14, 2008). Other Texas law would likewise defeat your attempt to fish for this information. In order for any documents produced by Panda Energy to be relevant, you must give TNA a showing of more than "compelling evidence of a close connection between Panda Energy and TNA."

IV.    *TNA should be compelled to respond to Interrogatory No. 11 and Request for Production No. 37*

TNA's drug policy in effect during Ashenoff's tenure with TNA, was implemented on May 23, 2006 and produced (see TNA000492). The application of this policy to wrestlers other than Ashenoff is irrelevant and objectionable, as this information is highly confidential. This being said, we are willing to acknowledge that, to our knowledge, TNA's drug policy was never enforced against Defendant Ashenoff.

80408654.2

**APP-07**

Mr. Cary Ichter
December 12, 2008
Page 4

V.    *TNA waived its attorney-client and work product privileges by failing to provide the*
      *required privilege log.*

      I am willing to provide, on our amended privilege log, a list of the persons who are
attorneys. All other persons on the privilege log should be identifiable by documents already
produced.

      Please contact me immediately if you have any questions about these issues.

                                        Very truly yours,

                                        *Richard S Krumholz*
                                                           *by* 
                                        Richard S. Krumholz

**APP-08**