IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TNA Entertainment, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Charles "Carlos" Ashenoff, | ) |
| | ) |
| Defendant, | )   CIVIL ACTION NO.: 3:08-CV-522-B |
| | ) |
| v. | ) |
| | ) |
| Jeffrey L. Jarrett, Dixie Carter, Paul | ) |
| W. Taylor III (p/k/a Terry Taylor), | ) |
| and Wayne Keown (p/k/a Dutch | ) |
| Mantel), | ) |
| | ) |
| Third-Party Defendants. | |

**DEFENDANT ASHENOFF'S BRIEF IN SUPPORT OF
OPPOSED MOTION FOR PROTECTIVE ORDER**

Defendant Charles Ashenoff ("Ashenoff") hereby files his Brief in Support of Opposed Motion for Protective Order, showing this Honorable Court as follows:

**I.   RELEVANT FACTUAL BACKGROUND**

On August 14, 2008, TNA served its First Request for Production of Documents on Ashenoff. Ashenoff served his responses to TNA's First Request for Production of Documents on September 19, 2008. In particular, Ashenoff objected to Requests Nos. 2 and 7, in part, on the grounds that the Requests sought documents protected by the attorney work product doctrine. (*See* Defendant Ashenoff's Responses and Objections to Plaintiff's First Request for Production, attached hereto as Exhibit A.)

During this general timeframe, Ashenoff served written discovery on TNA, to which TNA inadequately responded. Thereafter, counsel for Ashenoff and TNA conferred in writing and by telephone regarding the parties' discovery dispute. Because the parties were unable to resolve their discovery dispute, Ashenoff and TNA filed Motions to Compel.

On February 3, 2009, the Court heard oral argument concerning the Motions to Compel and ordered, in relevant part, as follows:

> Defendant's objections to Request for Production Nos. 2 and 7, **except attorney-client and attorney work-product**, are hereby overruled, and Plaintiff's motion to compel responses to these requests is granted in part. . . . As to documents responsive to this request which were created by Defendant after his consultation with counsel (other than communication with his counsel), Defendant may file a motion for protective order and submit these documents for *in camera* review. (Emphasis added.)

Pursuant to the Court's Order, Ashenoff seeks to submit certain written communications and documents that are responsive to Requests Nos. 2 and 7 for *in camera* review. For Request No. 2, Ashenoff has e-mails between either himself or his representatives and third parties concerning matters such as, alleged wrongful conduct of TNA, discriminatory actions taken by TNA and its representatives and TNA's drug culture. For Request No. 7, Ashenoff's counsel created notes, summaries and similar documents related to conversations with or attempts to communicate with individuals regarding the giving of evidence or testimony in an actual or potential lawsuit against TNA. (*See* Defendant's Amended Privilege Log, attached hereto as Exhibit B.) As shown in more detail below, since these communications and documents are privileged under the attorney work product doctrine, the Court should grant Ashenoff's Motion.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. The Court Has The Authority To Issue A Protective Order.

Pursuant to Federal Rule of Civil Procedure 26(c), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). "Good cause" exists where disclosure may result in the waiver of attorney work product. *See Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.*, 2009 WL 464989 *1, *2 (N.D. Tx. 2008), *see also Steam Tanker Padre Island, Inc. v. London Assur.,* 277 F.Supp. 319, 320 (S.D. Tx. 1967). When "good cause" is shown, the Court has the authority to protect the movant by "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *See* Fed. R. Civ. P. 26(c)(1)(A) and (D).

Here, the Court should exercise its authority and rule that Ashenoff is not required to produce the documents that are listed on Defendant's Amended Privilege Log.

### B. For Requests Nos. 2 and 7, Ashenoff Possesses Documents That Are Protected By The Attorney Work Product Doctrine.

For the documents that are responsive to Requests Nos. 2 and 7, Ashenoff can show the basic elements of the attorney work product privilege: "(1) the materials sought are documents or tangible things; (2) the materials sought were prepared in anticipation of litigation or for trial; [and] (3) the materials were prepared by or for a party's representative." *See S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006). Federal courts apply strict "limits on disclosure of work product which results from oral communications with third parties . . . due to the likelihood that such documents will

reveal the attorney's mental processes or litigation strategy." *In re Grand Jury Proceedings*, 43 F.3d 966, 970 (5th Cir. 1994). Likewise, written materials prepared in anticipation of litigation by a witness at the direction of a party's attorney are protected as attorney work product. *See Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989).

Before and after retaining Mr. Cary Ichter, Esq., Ashenoff and/or his lawyers began contacting by e-mail and telephone various individuals who may have information relevant to his claims in this lawsuit. In some cases, at Ashenoff or his lawyers' request, potential witnesses provided information by e-mail concerning Ashenoff's claims. (*See* Exhibit B.) In other instances, Ashenoff's counsel created notes, summaries and other similar documents based upon conversations with potential witnesses. (*Id.*) Since these documents contain material prepared or mental impressions developed in anticipation of litigation, they are not discoverable. *In re Grand Jury Proceedings*, 43 F.3d at 970; *see also Shields*, 864 F.2d at 382.

Moreover, Ashenoff has disclosed the names of potential witnesses at various points throughout discovery, such as in his initial disclosures, privilege logs and during his deposition. (*See* Exhibit B; *see also* Defendant's First Supplemental Initial Disclosures, attached hereto as Exhibit C; Defendant's Privilege Log, attached hereto as Exhibit D; Deposition of Charles Ashenoff, pp. 315-321, attached hereto as Exhibit E.) Thus, it is not surprising that TNA has not shown a substantial need for Ashenoff's privileged documents or that it will suffer an undue hardship by obtaining the substantial equivalent of the documents by other means. *See S.E.C.,* 238 F.R.D. at 442.

Accordingly, this Court should not compel Ashenoff to produce the documents identified on Defendant's Amended Privilege Log because they are protected by the attorney work product doctrine.

### III. CONCLUSION.

For the reasons set forth above, Defendant Ashenoff's Motion for Protective Order should be granted.

Respectfully submitted, this 10th day of March, 2009.

                                              */s/ Cary Ichter*
                                              Cary Ichter, Esq.
                                              Georgia Bar No. 382515

                                              ADORNO & YOSS, LLC
                                              Two Midtown Plaza, Suite 1500
                                              1349 W. Peachtree Street, N.W.
                                              Atlanta, Georgia 30309
                                              T: 404-347-8300
                                              F: 404-347-8395


                                              Kevin Wiggins, Esq.
                                              Texas Bar No. 21441600
                                              Tracey Wallace, Esq.
                                              Texas Bar No. 00797617

                                              ADORNO YOSS WHITE & WIGGINS LLP
                                              Bank of America Plaza, Suite 6200
                                              901 Main Street
                                              Dallas, Texas 75202
                                              T: 214-665-4150
                                              F: 214-665-4160

                                              ATTORNEYS FOR DEFENDANT
                                              CHARLES ASHENOFF

## **CERTIFICATE OF RULE 37 - GOOD FAITH CONFERRAL**

This certificate is made to show this Honorable Court that counsel for Defendant, Charles "Carlos" Ashenoff has not conferred with Plaintiff's counsel regarding the discovery issues raised in Defendant Ashenoff's Motion for Protective Order, because it was not required by the Court's Order dated February 3, 2009.

This 10th day of March, 2009.

               ___*/s/ Cary Ichter*_____
               Cary Ichter, Esq.
               Georgia Bar No. 382515

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT ASHENOFF'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** was electronically filed with the clerk of court using the ECM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record, including:

> Richard S. Krumholz, Esq.
> FULBRIGHT & JAWORSKI, LLP
> 2200 Ross Avenue, Suite 2800
> Dallas, Texas 75201-2784
>
> Robert Blackwell, Esq.
> BROWN & HOFMEISTER, LLP
> 740 E. Campbell Road, Suite 800
> Richardson, Texas 75081

This 10th day of March, 2009.

> ___/s/ Cary Ichter_____
> Cary Ichter, Esq.
> Georgia Bar No. 382515