EXHIBIT

A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| TNA Entertainment, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Charles "Carlos" Ashenoff, | ) |
| Defendant, | ) CIVIL ACTION NO.: 808CV-522-B |
| | ) |
| v. | ) |
| | ) |
| Jeffrey L. Jarrett, Dixie Carter, Paul | ) |
| W. Taylor III (p/k/a terry Taylor), and | ) |
| Wayne Keown (p/k/a Dutch Mantel), | ) |
| | ) |
| Third-Party Defendants. | ) |

## DEFENDANT ASHENOFF'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Charles "Carlos" Ashenoff hereby files the following responses and objections to Plaintiff TNA Entertainment, LLC's (hereinafter "TNA" or "Plaintiff") First Request for Production (hereinafter "RPDs").

## I.      GENERAL OBJECTIONS

1.      Mr. Ashenoff objects to Plaintiff's RPDs insofar as they are intended to elicit information and/or documents that are privileged and confidential, including but not limited to, documents and information prepared in anticipation of litigation, documents and information that constitute attorney work-product, and documents and information containing attorney-client communications.

2.      Mr. Ashenoff objects to Plaintiff's RPDs insofar as they are intended to elicit the production of information, documents, and communications that are not within the knowledge, possession, custody or control of Mr. Ashenoff.

3.      Mr. Ashenoff objects to Plaintiff's RPDs and the definitions contained therein to the extent they are vague, overbroad, unduly burdensome, purposefully harassing, and are intended to elicit information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Mr. Ashenoff objects to Plaintiff's RPDs to the extent that they vary in normal and everyday usage of the English language or expand Mr. Ashenoff's burden beyond the scope of the requirements of the Federal Rules of Civil Procedure.

5.      Mr. Ashenoff reserves the right to supplement these Responses in the event additional documents become available.

## II.      REQUESTS TO PRODUCE

Subject to and incorporating by reference into each specific response the general objections set out above, Mr. Ashenoff responds to Plaintiff's specific RPDs as follows:

**REQUEST NO. 1:** All communications between you and TNA.

**RESPONSE:**  Mr. Ashenoff objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 2:**  All communications between you and any third-party discussing: i) the creation and/or development of the character "Konnan," ii) the creation or development of LAX, iii) any alleged wrongful conduct of TNA, iii) any alleged racial or other improper discrimination by any individual or organization, iv) any alleged injuries or medical conditions you claim you suffered while you were an independent contractor of TNA, v) any alleged supply or provision of any drugs or medications to you or any other person by TNA or any of its employees, agents or representatives, vi) any instruction or encouragement, by TNA or anyone associated with TNA, for you or any other person to take any drug or medication, vii) any surgeries you have undergone, or viii) TNA.

**RESPONSE**:  Mr. Ashenoff objects to RPD No. 2 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Mr. Ashenoff further objects to RPD No. 2 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.  Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 3:**  All agreements and drafts of agreements between you and TNA.

**RESPONSE:**  Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 4:**  All documents which relate in any way to: i) the creation and/or development of the character "Konnan," ii) the creation or development of LAX, iii) any alleged wrongful conduct of TNA, iii) any alleged racial or other improper discrimination by any individual or organization, iv) any alleged injuries or medical conditions you claim you suffered while you were an independent contractor of TNA, v) any alleged supply or provision of any drugs or medications to you or any other person by TNA or any of its employees, agents or representatives, vi) any instruction or encouragement, by TNA or anyone associated with TNA, for you or any other person to take any drug or medication, or vii) any surgeries you have undergone.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 4 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are neither relevant, nor

reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 4 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 5:** All communications between you and any person whom you expect to call as a witness in this litigation.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 5 on the grounds that it is overly broad, vague, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of said objections, Mr. Ashenoff responds that he has not yet determined who he will call as a witness in this litigation. Upon making such a determination, Mr. Ashenoff will supplement this response.

**REQUEST NO. 6:** All communications between you and any person whom you expect will provide testimony or other evidence in support of your claims in this litigation.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 6 on the grounds that it is overly broad, vague, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of said objections, Mr. Ashenoff responds that he has not yet determined who he will call as a witness in this litigation. Upon making such a determination, Mr. Ashenoff will supplement this response.

**REQUEST NO. 7:** Any witness statements, meeting notes, or other documents relating to your conversations, communications, or attempts to contact any persons regarding the giving of evidence or testimony in an actual or potential lawsuit against TNA.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 7 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 7 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.

**REQUEST NO. 8:** All communications between you and the Equal Employment Opportunity Commission ("EEOC") or any other government agency, entity, or official (whether federal, state, or local) relating to the subject matter of any of your claims in this litigation.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 8 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:** All documents supporting the allegation in the Fourth Defense of your Answer and Counterclaims that "TNA's claims are bared by its own illegal conduct."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 9 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 9 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 10:** All documents supporting the allegations in the Fifth, Sixth, and Seventh Defenses of your Answer and Counterclaims that the "waiver of claims," "waiver of the right to jury trial," "choice of law provision," and "forum selection provision" referenced in your defenses are "void and unenforceable."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 10 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 10 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by

attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 11:** All documents supporting the assertion in the heading before paragraph 6 of your Counterclaims that "TNA Unlawfully Discriminates Against Minority Wrestlers."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 11 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 11 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 12:** All documents supporting the assertions in paragraph 11 of your Counterclaims that "Mr. Ashenoff was instructed by TNA to play the role of a Hispanic street thug or gang member and to use racially charged and offensive terms in referring to Caucasians."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 12 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 12 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 13:** All video or audio recordings relating to your performance of the "Konnan" character at any point in time before, during, or after your tenure with TNA.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 13 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are neither relevant, nor

reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without

waiver of said objections, Mr. Ashenoff will produce all such documents in his possession,

custody or control.

**REQUEST NO. 14:**  All documents, including audio and video recordings, evidencing your claim in paragraph 12 of your Counterclaims that "Mr. Ashenoff was directed to strike another wrestler with a tequila bottle, suggesting that Hispanics always have a bottle of tequila readily available."

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 14 on the grounds that it is overly broad

and unduly burdensome. Mr. Ashenoff further objects to RPD No. 14 on the grounds that it seeks

to elicit documents that are privileged and confidential, including documents protected by

attorney-client privilege and/or constituting attorney work-product. Subject to, and without

waiver of said objections, Mr. Ashenoff will produce all such documents in his possession,

custody or control.

**REQUEST NO. 15:**  All documents, including audio and video recordings, relating to the "Homicide" character described in paragraph 13 of your Counterclaims, including without limitation all documents and video relating to the creation of this character and all documents, including audio and video recordings, supporting your assertion that "Homicide, like Mr. Ashenoff, was directed to play the role of a gang member and street thug."

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 15 on the grounds that it is overly broad

and unduly burdensome. Mr. Ashenoff further objects to RPD No. 15 on the grounds that it seeks

to elicit documents that are privileged and confidential, including documents protected by

attorney-client privilege and/or constituting attorney work-product. Subject to, and without

waiver of said objections, Mr. Ashenoff will produce all such documents in his possession,

custody or control.

**REQUEST NO. 16:** All documents, recordings, and other evidence supporting your allegation that employees, "management," or agents of TNA used racially derogatory language, including the terms identified in paragraphs 14, 15, 27, and 28 of your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 16 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 16 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 17:** All documents relating to or evidencing the negotiation and execution of your agreements with TNA.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 17 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 17 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 18:** All documents, recordings, and other evidence supporting the allegations in paragraphs 21 and 22 of your Counterclaims that TNA "directed" and "required" you to "adopt stereotypical characteristics of members of Latino street gangs" and "use racially charged language in referring to and addressing Caucasian wrestlers," and that "TNA used the Konnan character to personify racial and ethnic slurs against Hispanics, in general, and Mexicans, in particular."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 18 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 18 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without

waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 19:**    All documents or other evidence relating to your claim in paragraph 23 of the Counterclaims that you "objected to the ethnic and racial themes and the degrading stereotypes that TNA used on a regular basis," including but not limited to any documents containing any such objections.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 19 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 19 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 20:**    All documents and other evidence supporting the claim in paragraph 24 of your Counterclaims that "TNA paid Mr. Ashenoff substantially less than other similarly situated non-minority performers, and TNA paid all or virtually all minority wrestlers less than the average amount paid to Caucasian wrestlers."

**RESPONSE**:  Mr. Ashenoff objects to RPD No. 20 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 20 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 21:**    All documents and other evidence supporting the claim in paragraph 25 of your Counterclaims that "TNA' s management personnel, bookers and agents routinely made derogatory racial and ethnic jokes and remarks in the work environment."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 21 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 21 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 22:** All documents relating to the "WCW Litigation" described in paragraphs 30-31 of your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 22 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 23:** All documents or other evidence supporting your allegation that Third Party Defendant Taylor and Vince Russo have made "racist comments" at any point in time and had "racist pasts," as alleged in paragraph 34 of your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 23 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 23 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 24:** All documents or other evidence supporting the allegation in paragraph 36 of your Counterclaims that "Mr. Ashenoff began to complain more vigorously about the rampant racism he experienced at TNA," and that "[u]ltimately, the conditions and environment became so intolerable, Mr. Ashenoff asked for his release."

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 24 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 24 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.  Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 25:**  All documents supporting your contention in paragraph 40 of your Counterclaims that "Jarrett suspended Mr. Ashenoff in retaliation for Mr. Ashenoff's protected conduct, including his complaints about the rampant racism and discrimination at TNA."

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 25 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 25 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 26:**  All documents or communications between you and any TNA employee, manager, or independent contractor commenting on your performance (either positively or negatively) of your contractual obligations to TNA.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 26 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 27:**  All documents evidencing or supporting the damages you are claiming based on the alleged discriminatory and retaliatory acts asserted in your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 27 on the grounds that it is overly broad and unduly burdensome.  Mr. Ashenoff further objects to RPD No. 27 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 28:**  All documents evidencing the "TNA Drug Culture" referenced in the heading preceding paragraph 44 of your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 28 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 28 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 29:**  All documents or other evidence relating to your allegation in paragraph 48 of your Counterclaims that "agents of TNA, including Counterclaim Defendant Taylor, provided un-prescribed pain killers and muscle relaxants to Mr. Ashenoff."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 29 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 29 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 30:** All documents or other evidence relating to the "hip replacement surgery" described in paragraph 49 of your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 30 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 30 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.

**REQUEST NO. 31:** All documents or other evidence relating to the "hip injury" described in paragraph 48 of your Complaint, including but not limited to the causation of the injury, the status of the injury before and during your tenure with TNA," [sic] and the impact it had on your ability to wrestle while under contract with TNA.

**RESPONSE**: Mr. Ashenoff objects to RPD No. 31 on the grounds that it is overly broad, unduly burdensome and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 31 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.

**REQUEST NO. 32:** All documents or other evidence relating to your use of un-prescribed pain killers, muscle relaxants, or performance-enhancing drugs while performing for any other professional wrestling promotion or organization at any point before or after your tenure with TNA.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 32 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 32 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting

attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff responds that no such documents exist.

**REQUEST NO. 33:** All documents or other evidence relating to your use of any drug controlled by the Florida Drug Dealer Liability Act or prohibited by the laws of Florida, Texas, or the United States of America during the past 15 years.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 33 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 33 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 34:** All documents relating to communications between you and any third person, whether affiliated with TNA or not, relating to your use of any un-prescribed prescription drugs, prescription-strength pain killers, muscle relaxants, or performance enhancing drugs during the past 15 years.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 34 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 34 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 35:** All other documents or evidence relating to your use or procurement of any un-prescribed prescription drugs, prescription-strength pain killers, muscle

relaxants, performance enhancing drugs, steroids, cocaine, or illegal drugs during the past 15 years.

**RESPONSE:**   Mr. Ashenoff objects to RPD No. 35 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.   Mr. Ashenoff further objects to RPD No. 35 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.   Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 36:**   All documents and other evidence supporting your allegation in paragraph 50 of your Counterclaims that "Representatives of TNA promised Mr. Ashenoff that TNA would assist him by paying for his hip replacement surgery," and that "TNA reneged on that promise."

**RESPONSE:**   Mr. Ashenoff objects to RPD No. 36 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 36 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 37:**   All documents and other evidence supporting your contentions in paragraph 51 of your Counterclaims that "while still in a wheelchair, and later on crutches, TNA's bookers insisted that Mr. Ashenoff perform at TNA events," and that "TNA bookers supplied un-prescribed pain killers to Mr. Ashenoff."

**RESPONSE:**   Mr. Ashenoff objects to RPD No. 37 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 37 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by

attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 38:** All documents and other evidence supporting your contentions in paragraph 52 of your Counterclaims, that "Agents of TNA provided un-prescribed prescription drugs, including pain killers and muscle relaxants, to various TNA performers, knowing that those drugs would be shared among the community of performers at TNA, [sic] and that "Mr. Ashenoff also received pain killers from other TNA performers as well."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 38 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 38 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 39:** All documents and other evidence supporting the contention in paragraph 53 of your Counterclaims that "as a consequence of the use of un-prescribed pain killers supplied to him by TNA agents and performers, one of Mr. Ashenoff's kidneys failed and had to be replaced."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 39 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 39 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 40:** All documents evidencing or relating to the "kidney transplant" you allegedly received in 2007 and the kidney condition that allegedly precipitated the transplant.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 40 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 40 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 41:** All communications with any doctors or medical personnel regarding your kidney transplant or any other issues pertaining to your kidneys.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 41 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 41 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 42:** All documents that discuss or refer to the causation of the kidney problems alleged in your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 42 on the grounds that it is overly broad, unduly burdensome, and documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 42 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.

Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 43:** All documents supporting or relating to the allegations in paragraph 54 of your Counterclaims that "Drug abuse is rampant at TNA. Members of management, including Counterclaim Defendant Jarrett, and members of the booking committee, regularly indulge in the use of cocaine while on the job and share, or offer to share, illegal drugs with TNA wrestlers and employees."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 43 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 43 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 44:** All documents relating to the Latin American Xchange or LAX "brand" described in paragraph 55 of your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 44 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 45:** All documents supporting or relating to your assertion that "LAX was conceived solely by Mr. Ashenoff, who also created the LAX logo. . . catch-phrases, and identifying characteristics."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 45 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 46:**  All documents supporting your contention that "LAX members regularly and publicly addressed matters of racism in wrestling and society."

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 46 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 47:**  All documents relating to your application for a copyright to the LAX Logo and your efforts to copyright or trademark any other intellectual property at issue in this litigation.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 47 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 48:**  All documents reflecting or evidencing the damages caused by the alleged trademark and copyright infringement described in your Counterclaims.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 48 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 49:**  All documents supporting or relating to your claim that TNA, its agents, or the Third Party Defendants violated 42 U.S.C. § 1981 and all documents reflecting or evidencing the damages you are claiming pursuant to this claim.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 49 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 49 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 50:**  All documents evidencing or reflecting the "emotional distress" that you allege in paragraph 76 of the Complaint.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 50 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 50 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 51:**  All documents relating to any visit or communication with any doctor, nurse, medical professional, or other health professional regarding any injury or condition (whether physical or psychological) that you claim was caused or aggravated by any alleged wrongful conduct by TNA.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 51 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 51 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 52:**  All documents relating to any discriminatory or retaliatory conduct by TNA, its agents, or the Third Party Defendants that was directed toward any other TNA performer, independent contractor, or employee.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 52 on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 53:** All documents supporting your allegation in paragraph 91 of your Counterclaims that "Mr. Ashenoff's kidney failure and subsequent transplant was directly and proximately caused by the consumption of un-prescribed pain killers provided by TNA management."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 53 on the grounds that it is overly broad

and unduly burdensome. Subject to, and without waiver of said objections, Mr. Ashenoff will

produce all such documents in his possession, custody or control.

**REQUEST NO. 54:** Any documents suggesting any other possible cause of your kidney problems, kidney failure, or kidney transplant other than the allegations in paragraph 91 of your Complaint.

**RESPONSE:** Mr. Ashenoff responds that he is not aware that any such documents exist.

**REQUEST NO. 55:** All documents evidencing, reflecting, or supporting the damages you are claiming based on the kidney problems described in the Complaint.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 55 on the grounds that it is overly broad

and unduly burdensome.  Mr. Ashenoff further objects to RPD No. 55 on the grounds that it

seeks to elicit documents that are privileged and confidential, including documents protected by

attorney-client privilege and/or constituting attorney work-product.  Subject to, and without

waiver of said objections, Mr. Ashenoff will produce all such documents in his possession,

custody or control.

**REQUEST NO. 56:** All documents supporting your allegation that TNA engaged in negligent hiring or supervision.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 56 on the grounds that it is overly broad

and unduly burdensome. Mr. Ashenoff further objects to RPD No. 56 on the grounds that it seeks

to elicit documents that are privileged and confidential, including documents protected by

attorney-client privilege and/or constituting attorney work-product. Subject to, and without

waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 57:** All documents supporting your contention that TNA is liable and should pay damages under the Florida Drug Dealer Liability Act or the Florida Civil Remedies for Criminal Practices Act.

**RESPONSE:** Mr. Ashenoff objects to RPD No.57 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 57 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 58:** All documents supporting your contention that TNA and the Third Party Defendants engaged in a "pattern of racketeering activity."

**RESPONSE:** Mr. Ashenoff objects to RPD No. 58 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 58 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 59:** All documents supporting your contention that TNA and the Third Party Defendants violated the United States Copyright Act of 1976 and Section 43 of the Federal Lanham Act, as asserted in paragraph 120 of the Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 59 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

{M1739473_1}

**REQUEST NO. 60:**  All documents, including audio and video recordings, relating to any professional wrestling events in which you have participated after August 1, 2007.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 60 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 61:**  All documents reflecting your earnings from your participation in any professional wrestling events since August 1, 2007.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 61 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 62:**  All documents reflecting your portrayal of any professional wrestling character or persona, including but not limited to Konnan, at any point in time that fits the description in whole or in part of a gang member or street thug.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 62 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 63:**  All documents relating to any other employment opportunities that you pursued or were offered by any other professional wrestling promotion or organization during the time when you were under contract with TNA.

**RESPONSE:**  Mr. Ashenoff objects to RPD No. 63 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

{M1739473_1}

**REQUEST NO. 64:** All communications with any third party discussing TNA.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 64 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to RPD No. 64 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.

**REQUEST NO. 65:** Any documents or communications created in whole or in part by you during the past 15 years that include racially charged language, ethnic slurs, or other derogatory racial terms.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 65 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects that said request is vague, ambiguous and requires him to guess as to its meaning and scope.

**REQUEST NO. 66:** All communications between you and any television, radio, print, or Internet media outlet regarding any of the claims made in your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 66 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 67:** All documents relating to your promissory note with TNA.

**RESPONSE:** Mr. Ashenoff further objects to RPD No. 67 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-

client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 68:** Any document or communication where you raised any objection about the matters discussed in your Counterclaim at any time with any person or entity.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 68 on the grounds that it is overly broad, vague, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 69:** Any documents or other evidence relating to any work that you performed for TNA for which you claim you were not paid.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 69 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 70:** Any communication with any person or entity discussing this lawsuit or the allegations made in this lawsuit.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 70 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 70 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 71:** All documents reflected [sic] the amount and source of the funds used to pay for your hip replacement, kidney transplant, and any other medical procedure that you claim you have incurred as a result of the allegations in your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 71 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to Request No. 71 on the grounds that it seeks documents that are confidential and/or proprietary.

**REQUEST NO. 72:** All documents mentioning, reflecting, regarding or relating to your income received in years 2004, 2005, 2006, 2007 and 2008, including but not limited to, your federal tax returns for each year, W-2s forms, and 1099 forms.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 72 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Ashenoff further objects to Request No. 72 on the grounds that it seeks documents that are confidential and/or proprietary.

**REQUEST NO. 73:** All documents mentioning, reflecting, regarding or relating to your claim for attorneys' fees, including, but not limited to, attorney time records, attorney billing records, invoices and payments.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 73 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 73 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product.

**REQUEST NO. 74:** All documents sent to or received from, or relating to any communication with, the Equal Employment Opportunity Commission or any other state employment rights agency related to any allegations set forth in your Counterclaims.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 74 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 75:** All documents mentioning, reflecting, regarding or relating to any claim that TNA's basis for any adverse employment action is pretext for an unlawful discriminatory motive.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 75 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 75 on the grounds that it seeks to elicit documents that are privileged and confidential, including documents protected by attorney-client privilege and/or constituting attorney work-product. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 76:** All documents mentioning, reflecting, regarding, or relating to your search for employment or other income after ending your contractual relationship with TNA, including all applications for employment, documents or communications submitted by you to prospective employers or contractors and all writings or documents from prospective employers or contractors that state their reasons for refusing to hire you.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 76 on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Mr. Ashenoff will produce documents that are responsive to this request, if any, at a mutually convenient time. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 77:** All documents mentioning, reflecting, regarding or relating to any claim that you are entitled to punitive damages.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 77 on the grounds that it is overly broad and unduly burdensome. Mr. Ashenoff further objects to RPD No. 77 on the grounds that it seeks

to elicit documents that are privileged and confidential, including documents protected by

attorney-client privilege and/or constituting attorney work-product. Subject to, and without

waiver of said objections, Mr. Ashenoff will produce all such documents in his possession,

custody or control.

**REQUEST NO. 78:** All documents mentioning, reflecting, regarding, or relating to each medical doctor, or other practitioner of the healing arts (including counselors, psychologists, or psychiatrists), whom you have consulted or who has examined or treated you in the last five years.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 78 on the grounds that it is overly

broad, unduly burdensome and seeks documents that are neither relevant, nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of said

objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 79:** All recordings, including video, audio, electronic, or otherwise, related to any allegations made in your Counterclaims.

**RESPONSE:** Mr. Ashenoff will produce all such documents in his possession, custody

or control.

**REQUEST NO. 80:** All medical and other health-care records relating in any way to your claimed injuries in this case, including all records relating to your alleged hip injury and kidney injury/transplant.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 80 on the grounds that it is overly broad

and unduly burdensome. Subject to, and without waiver of said objections, Mr. Ashenoff will

produce all such documents in his possession, custody or control.

**REQUEST NO. 81:** All of your medical and other health-care records in your possession, custody or control.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 81 on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 82:** All documents and records relating in any way to any visit to or stay in any substance abuse facility by you.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 82 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 83:** All documents relating in any way to any criminal investigations or convictions of you.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 83 on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 84:** All documents relating in any way to any criminal investigations or convictions of any TNA employee, agent, representative or independent contractor, including any of the parties to this litigation.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 84 on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiver of said objections, Mr. Ashenoff will produce all such documents in his possession, custody or control.

**REQUEST NO. 85:** All documents provided to, prepared by, or reviewed by any testifying expert or any consulting expert whose opinions or work product is reviewed or considered by a testifying expert, relating in any way to this case.

**RESPONSE:** Mr. Ashenoff objects to RPD No. 85 to the extent that it seeks the production of documents that have been provided by Mr. Ashenoff or his counsel to any

consulting expert.  Such documents are not subject to production pursuant to the Federal Rules of Civil Procedure.  Given that Mr. Ashenoff has not engaged a testifying expert at this time, no such documents exist as to testifying experts.

**REQUEST NO. 86:**  All correspondence to or from any testifying expert or any consulting expert whose opinions or work product is reviewed or considered by a testifying expert, relating in any way to this case.

**RESPONSE:**   Mr. Ashenoff objects to RPD No. 86 to the extent that it seeks the production of documents that have been provided by Mr. Ashenoff or his counsel to any consulting expert.  Such documents are not subject to production pursuant to the Federal Rules of Civil Procedure.   Given that Mr. Ashenoff has not engaged a testifying expert at this time, no such documents exist as to testifying experts.

**REQUEST NO. 87:**  All reports and drafts of reports of any testifying expert or any consulting expert whose opinions or work product is reviewed or considered by a testifying expert, relating in any way to this case.

**RESPONSE:**  Mr. Ashenoff responds that no such documents exist.

**REQUEST NO. 88:**  Please execute the attached authorization for the parties to obtain your medical records from all healthcare providers you have seen or consulted, including all hospitals, doctors, clinics, and other healthcare facilities.

**RESPONSE:**  Mr. Ashenoff will produce executed authorizations.

[signature continued on following page]

Respectfully submitted this 19th day of September, 2008.


_____
Cary Ichter, Esq.
Georgia Bar No. 382515
Adriana Midence, Esq.
Georgia Bar No. 142298

ADORNO & YOSS, LLC
Two Midtown Plaza, Suite 1500
1349 W. Peachtree Street, N.W.
Atlanta, Georgia 30309
T: 404-347-8300
F: 404-347-8395

Kevin Wiggins, Esq.
Texas Bar No. 21441600
Tracey Wallace, Esq.
Texas Bar No. 00797617

ADORNO YOSS WHITE & WIGGINS LLP
Bank of America Plaza, Suite 6200
901 Main Street
Dallas, Texas 75202
T: 214-665-4150
F: 214-665-4160

ATTORNEYS FOR DEFENDANT
CHARLES ASHENOFF

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2008, a copy of the foregoing **DEFENDANT ASHENOFF'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST PRODUCTION REQUESTS** was served *via* U.S. Mail, properly addressed and postage prepaid, upon the following:

Richard S. Krumholz, Esq.
FULBRIGHT & JAWORSKI, LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

Robert Blackwell, Esq.
BROWN & HOFMEISTER, LLP
740 E. Campbell Road, Suite 800
Richardson, Texas 75081

Adriana Midence, Esq.
Georgia Bar No. 142298