UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TNA ENTERTAINMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3:08-CV-0522-B |
| | § | |
| CHARLES "CARLOS" ASHENOFF, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Charles "Carlos" Ashenoff's (hereinafter, "Ashenoff") Motion to Dismiss (doc. 10) (hereinafter, the "Motion"), wherein Ashenoff claims this action should be dismissed on two grounds. First, Ashenoff argues this Court lacks subject matter jurisdiction over the claims against him. In the alternative, Ashenoff contends that Plaintiff TNA Entertainment, LLC's (hereinafter, "TNA") Complaint fails to state a claim for relief. Having considered the Motion and the briefing of the parties, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

### I.

### BACKGROUND

This case involves the world of professional wrestling. Ashenoff is a professional wrestler who performs under the ring name of "Konnan." (Compl. ¶¶ 7-8.) TNA is in the business of promoting and producing professional wrestling matches around the world. (*Id.* at ¶ 6.) In January 2004, and again in August 2005, TNA and Ashenoff entered into an agreement, whereby Ashenoff agreed to wrestle in matches TNA produced. (*Id.* at ¶¶ 9-10.) As part of the agreement, Ashenoff signed a

1

waiver, releasing TNA of liability for claims "that arise from or relate in any way" to Ashenoff's professional wrestling activities. (*Id.* at ¶ 13.) The waiver is at the center of the parties' dispute.

In March 2008, Ashenoff sent a demand letter and a draft complaint to TNA, threatening suit. (*Id.* at ¶ 15.) Ashenoff's proposed suit included claims of racial discrimination and bodily injury. (*Id.*) In regard to his racial discrimination accusations, Ashenoff threatened to sue under 42 U.S.C. § 1981. (*Id.* at ¶ 17.) In support his race-based charge, Ashenoff claimed that TNA forced him to portray racially offensive stereotypes through his Konnan persona, paid minority performers significantly less than non-minority performers, and retaliated against Ashenoff for raising the foregoing complaints while under contract with TNA. (*Id.*) Ashenoff further alleged bodily harm, allegedly resulting from TNA's negligent hiring and training, as he claimed TNA's agents distributed illicit prescription medication to Ashenoff, culminating in the dislocation of his hip and his chronic renal failure. (*Id.* at ¶ 16.)

In response to Ashenoff's demand, TNA filed suit, seeking declarations pursuant to the Declaratory Judgment Act, 42 U.S.C. §§ 2201-2202, regarding, *inter alia*, its rights and liabilities under 42 U.S.C. § 1981 as well as breach of contract damages. (*Id.* at ¶¶ 21-32.) TNA insists Ashenoff breached their agreement in threatening suit on the above claims and in failing to appear at no fewer than two performances. (*Id.* at ¶¶ 27-8.) Ashenoff, in turn, filed the instant motion to dismiss and subsequently filed his threatened causes of action as counterclaims. The parties have briefed Ashenoff's motion to dismiss, and the Court now turns to the merits of its decision.

## II.

## ANALYSIS

Ashenoff's argument for the dismissal of TNA's complaint is two-fold. First, Ashenoff maintains, pursuant to FED. R. CIV. P. 12(b)(1), that this Court lacks subject matter jurisdiction to preside over TNA's causes of action. Alternatively, he avers that TNA's complaint fails to state an actionable claim for breach of contract under FED. R. CIV. P. 12(b)(6). The Court, as it must, *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994), will first assess its subject matter jurisdiction. Finding subject matter jurisdiction exists, the Court will subsequently analyze Ashenoff's request for the dismissal of TNA's breach of contract claim.

A. *Subject Matter Jurisdiction*

Ashenoff urges that this Court lacks subject matter jurisdiction over TNA's claims because TNA only alleges a state breach of contract action in addition to seeking declarations pursuant to the Declaratory Judgment Act. His argument hinges upon the notion that the Declaratory Judgment Act does not vest federal courts with jurisdiction. Consequently, his argument goes, because TNA's only independent cause of action is based upon state law, this Court lacks subject matter jurisdiction. Strangely, however, after maintaining subject matter jurisdiction by this Court is wanting, Ashenoff requests the Court retain this matter and re-align the parties.

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such a declaration ...." 28 U.S.C. § 2201(a). However, "'[t]he operation of the Declaratory Judgment Act is procedural only.' Congress enlarged the range of remedies available in the federal courts, but did not extend their jurisdiction." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 15 (1983) (quoting *Skelly Oil Co. v.*

3

*Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)) (internal citations omitted). Consequently, to award relief under the Declaratory Judgment Act, courts must have an independent basis for jurisdiction. *TTEA v. Ysleta Del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999). "To establish an independent basis for jurisdiction, however, the plaintiff need not show that it would state a claim absent the declaratory judgment statute. Rather, it may show that there would be jurisdiction over a claim against it." *Id.*; *see also Franchise Tax Bd. of Cal.*, 463 U.S. at 19 ("Federal courts have regularly taken original jurisdiction over declaratory judgment suit in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

Here, TNA, in addition to averring a cause of action for breach of contract, seeks numerous declarations as to its rights and liabilities under 42 U.S.C. § 1981 - a federal statute. TNA is thus pursuing declarations as to its liability for an affirmative cause of action that could be (and has been in the form of a counterclaim) brought by Ashenoff.[1] This is the precise situation approved of by the Supreme Court in *Franchise Tax Board of California*, 463 U.S. at 19, as well as the Fifth Circuit in *TTEA*, 181 F.3d at 681. Accordingly, Ashenoff's motion to dismiss for lack of subject matter jurisdiction should be and hereby is DENIED.

This conclusion is only bolstered by the curious relief Ashenoff seeks. As stated previously, Ashenoff alleges the Court lacks subject matter jurisdiction over TNA's claims, but does not request

---

[1]This scenario is distinguishable from that in which a declaratory judgment plaintiff seeks declarations on a state law cause of action in which federal law could arise as a *defense*. *Franchise Tax Bd. of Cal.*, 463 U.S. at 9-16; *Skelly Oil Co.*, 339 U.S. at 672. Under this latter scenario, it is well settled that federal courts lack subject matter jurisdiction under the well-pleaded complaint rule. *Skelly Oil Co.*, 339 U.S. at 672-73. However, where, as here, a declaratory judgment plaintiff seeks a declaration as to its rights or liability under a declaratory judgment defendant's federal *cause of action*, federal jurisdiction is appropriate. *Franchise Tax Bd. of Cal.*, 463 U.S. at 19; *TTEA*, 181 F.3d at 681.

the Court dismiss the action. Instead, owing to a lack of jurisdiction, Ashenoff prays the Court dismiss TNA's claims and re-align Ashenoff as the plaintiff. Were the Court to do so, TNA could simply re-file its causes of action as counterclaims. Thus, following Ashenoff's reasoning, the Court would construct its own subject matter jurisdiction over this suit. This cannot be, as federal courts are not in the business of manufacturing the parameters of their own subject matter jurisdiction.

   *B.*  *Ashenoff's Motion to Dismiss for Failure to State a Claim*

Next, Ashenoff argues that TNA's complaint fails to sufficiently state a breach of contract claim. The Federal Rules of Civil Procedure provide for the dismissal of an action, upon motion of the defendant, when a plaintiff's complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Such a motion to dismiss "is viewed with disfavor and is rarely granted." *EMC Mortgage Corp. v. MortgageIT*, 2006 WL 4286676, at *1 (N.D. Tex. Oct. 12, 2006) (quoting *Lowery v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a motion to dismiss, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the complaint must contain plausible grounds to show an entitlement to relief as opposed to mere "labels and conclusions." *Id.*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level [...] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965).

The foregoing standards must be applied in light of the Federal Rules of Civil Procedure's "simplified" notice pleading benchmark. *EMC Mortgage Corp.*, 2006 WL 4286676, at *1 (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002)). FED. R. CIV. P. 8(a) instructs that a complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a). TNA has certainly cleared this hurdle with its breach of contract allegations.[2] TNA's complaint succinctly provides the facts giving rise to a plausible right to relief. Ashenoff's arguments are better suited for a motion for summary judgment, as he requests the Court to assume disputed facts in his favor.[3] At this stage, the Court must assume TNA's version of the facts as true. Accordingly, Ashenoff's FED. R. CIV. P. 12(b)(6) motion to dismiss should be and hereby is DENIED.

## III.

## CONCLUSION

---

[2]Although the parties' agreement provides Texas law shall govern any dispute among them, Ashenoff contends that Florida law is controlling. The Court does not reach the choice of law dispute because TNA's complaint pleads sufficient facts for breach of contract under both Texas and Florida law. *See Smith Int'l, Inc. v. Engle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) ("In Texas, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."); *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008) ("An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages.").

[3]Ashenoff's brief in support of his motion to dismiss rests upon the notion that Ashenoff did not breach the parties' agreement in threatening suit because the waiver provision is contrary to law. To this end, Ashenoff avers that TNA provided him with illicit prescription medication to facilitate his ability to perform in the ring - a fact disputed by TNA. In order to grant Ashenoff's requested relief, the Court would ultimately have to determine that TNA in fact distributed un-prescribed prescriptions to Ashenoff. Such a determination on a contested factual conclusion is improper at this juncture. In any event, Ashenoff's motion to dismiss ignores the fact that TNA's complaint also alleges Ashenoff breached their agreement in failing to appear for scheduled performances.

For the foregoing reasons, the Court is of the opinion that Ashenoff's motion to dismiss (doc. 10) should be and hereby is **DENIED**.

**SO ORDERED.**

**SIGNED March 20, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE